AMOS CONKEY, Respondent,

*vs.*

GILBERT POST, Appellant.

#### APPEAL FROM GREEN CIRCUIT COURT.

The testimony of the justice before whom a note had been sued, and filed with him, that he had carefully searched his papers and been unable to find it, is sufficient to admit parol proof of its contents, and is sufficient proof of its loss.

A witness who had been attorney for the defendant in two suits before a justice of the peace on a promissory note, on a trial in the circuit court upon the same note, being sworn in behalf of the defendant, testified to certain erasures and interlineations in said note, was asked whether on either of the trials before the justice, he had objected to said note as evidence for any ca whatever. *Held* that such question was proper to test his credibility.

This was an action brought by the plaintiff, as first endorser of a promissory note against the maker. The action was commenced by attachment before a justice of the peace, where the plaintiff obtained judgment for $58.81 damages and $11.62 costs, from which the defendant appealed.

The following is a portion of the return of the justice:

"Plaintiff appeared by A. J. Brundage, his Attorney, and M. Kelley, Jr., for defendant. Plaintiff declared in a civil action on a certain promissory note. dated February 13th, 1857, and demanded judgment for the amount of said note and interest. Defendant answered by pleading the general issue. Plaintiff demurred to the answer. Demurrer sustained. Whereupon defendant answered that he was not indebted on said note, and gave notice of set-off. Answer filed in writing. Gilbert Post being duly sworn says that Gilbert Skinner, a material witness in this case, is out of the State, and asks for an adjournment for ninety days. Where-

upon the Court hereby orders that this cause stand adjourned until October 19th, 1857, at one o'clock in the afternoon.

" October 19th, 1857, case called, both parties present, A. J. Brundage, Att'y for plaintiff, M. Kelley, Jr., Att'y for defendant. Plaintiff introduced in evidence a promissory note against defendant, which is on file in this case, and rested. Defendant offered up no evidence, and the case was submitted to the court. The attendance of the witnesses on the part of the plaintiff, their traveling fees, and the service of subpœnas upon them admitted by defendant's attorney, as follows, &c., &c.

Whereupon judgment as above stated. Appended to the justice's return was the following certificate, signed by the justice:

" I hereby certify that the note on which plaintiff declared in this case, and which was produced in court, was for fifty-six dollars, dated February 13th, 1857, purporting to have been executed by Gilbert Post, the defendant in this case, and appearing to be the property of Amos Conkey, the plaintiff in this action. And that after careful search I have been unable to find said note, and believe it has been taken from my office, or is lost, and I am therefore unable to produce said note, and return it with the papers in this case. Dated at Monroe this 16th day of November, 1857."

On the trial in the circuit court, a jury was waived, and the cause was tried by the court at the September term, 1858.

To prove the issue on the part of the plaintiff, his counsel stated that the note declared on, had been lost, since the trial before the justice, and proposed to give parol proof of its contents; and for that purpose, as well as to prove the loss of the note, called B. F. Baker, the justice before whom the cause was tried; when the counsel for the defendant objected to the proving of the contents of any note, but the objection was overruled and the defendant excepted. The witness testified

Conkey vs. Post,

that he was an acting Justice of the Peace in October last; and that this cause was tried before him. That on the trial a note was given in evidence by the plaintiff like the one described. That he did not recollect to whom the note was payable, but thought the payee's name was Albro. That he rendered judgment for the plaintiff on the note. That since the trial he had not been able to find the note. That he had several times searched carefully for the note in his office, and amongst his papers.

On cross-examination, in answer to questions propounded by the counsel for the defendant, this witness testified that he did not recollect Albro's first name; also that he did not recollect whether there were any erasures or interlineations on the face of said note.

A. Hurlburt, another witness, testified for the plaintiff as follows:

"I know the parties to this suit. I was at Baker's at the trial, or soon after, and then saw the note. It was for fifty-six dollars, according to my recollection. It either bore date of January, or February, 1857, and due first of April, 1857. It was made payable to Mr. Albro, and by him assigned to A. Conkey. The assignment bore date before it became due, but what the date was I can't say. I saw the note in Conkey's possession. The note was signed by Post. I think I know Post's handwriting. I have seen him write. And when I saw the note I was confident it was his."

On cross-examination the witness testified, "I can't tell how many times I have seen Post sign his name. I have seen him sign his name to store bills, and I think I have to a note. I have no recollection of any particular time, but I have seen him write. I will not be positive that I ever saw him sign his name more than once to store bills. He does sometimes keep a clerk. His wife sometimes does such business. would not swear positively that I have seen him sign his

name to a note. The note in dispute was left with me for collection It was sued twice before me. Once it was non-suited. And the second suit the jury disagreed, and the cause was continued for ninety days at the request of Mr. Kelly, the defendant's attorney, who deceived me, which took the case out of my jurisdiction.

There had been, previous to the trial, an adjournment of the suit for two weeks; and when Mr. Kelly asked for an adjournment for ninety days more, the plaintiff objected to the adjournment, and having doubts myself as to its legality, I so expressed myself to Mr. Kelly, but told him, that if he would say that it would be proper and legal for me at the then present stage of the proceedings, to grant an adjournment for ninety days, I would do so; whereupon he answered me that it would be proper and legal for me to do so; and thereupon I granted the adjournment. While the note was before me, I examined it particularly. There was no erasure or erasures, but there were some little interlineations. I should say the note was Post's handwriting; and I should think the interlineations were in the same handwriting as the body of the note. Mr. Post and myself are not on very good terms.

A. J. Brundage, another witness for the plaintiff, who testified that he was attorney for the plaintiff before Baker, the justice. The signature and body of the note were in Post's hand writing. Did not notice any alteration in the note.

Thereupon the defendant moved for a nonsuit, which was overruled, and exception taken.

Milton Kelly was then called as a witness for the defendant, who testified that he was counsel for the defendant, before the justice; that he saw an erasure and an interlineation in the note. The words 'or bearer,' which appeared in the line of the note, were erased, and the words "or order" were inserted over the line. The interlineation did not appear to be in the same handwriting as the body of the note.

On the cross-examination of the witness, counsel for the plaintiff asked him if he raised any objection on either the trials before Baker or Hurlburt, for any cause whatever. This was objected to on the ground that it was immaterial how the cause was tried, or whether any or what objections were raised in the court below. The objection was overruled and the defendant excepted. The witness answered that he did object before Hurlburt, on the ground that the note had not been in possession of the court; raised no other objection.

There was some other evidence given on the trial, but not at all material to the points raised by the appeal.

The court found upon the evidence as follows:

" This action came on to be tried on the eight day of September, 1858, in this same term of September, before the court, a jury having been waived by the parties in open court, and after hearing the proofs and allegations of the parties, it is found by the court here as matter of fact, that the said defendant, on the 13th day of February, A. D. 1857, made his promissory note in writing, and then delivered the same to one William Albro, and therein and thereby promised the said William Albro, or order, to pay the sum of fifty-six dollars, on the first day of April, 1857 ; that said Albro endorsed and delivered the same to the said plaintiff, who at the time of the commencement of this action was the owner and holder thereof.

" That there is now due upon said note the sum of $61 64-100. And on the question of the alteration of said promissory note, as alleged on the trial of this cause, the court also finds as matter of fact, that the erasure and interlineation were made by the defendant, before the delivery of the note to Albro. And therefore judgment is ordered against the defendant in favor of said plaintiff, for said sum of $61 64-100 and his costs and disbursements to be taxed and adjusted by the Clerk of this court."

Judgment was rendered accordingly, and the defendant appealed.

*Jas. H. Knowlton, and Milton Kelly,* for the Appellant.

1. The plaintiff below was not entitled to judgment on any proof that was or could have been introduced, for the reason that the declaration is *defective in substance.* It in no respect conforms to the provisions of the Code.

2. The circuit court erred in not granting the motion made on the trial for a nonsuit.

3. The court erred in allowing the plaintiff to prove by parol the contents of a note, when objected to· by defendant before an affidavit of its loss was made.

4. The court erred in deciding that the plaintiff might ask and have answered the question, *" Did you raise any objection to the reading of the note on either of the trials, either before Hurlbut or Baker, for any cause whatever?*

Also in deciding that the plaintiff might ask and have answered the question, *" On what ground did you object?"*

Also in deciding that the plaintiff might ask and have the witness Hurlbut answer the question, *" Was the note read to the jury on the trial before you, and was any objection made to the note being read. ?"*

It was immaterial how the suits were tried before the justices, whether objections were or were not made. Yet the court admits the proof and then decides the case upon it.

5. The note was positively proved to have been altered after its delivery, by the insertion of the words *"or order."* This proof was not overcome. By this alteration the note was rendered void in law. *Davidson vs. Cooper,* 13 Mees. & Welsb., 342 ; *Master vs. Miller,* 4 T. R., 329 ; Smith's Mercantile Law, 328-329, and cases there cited and notes.

*J A. Sleeper,* for the Respondent.

1. The question of alteration of the note, was one of fact

fairly submitted to the court, and his finding ought to be conclusive.

2. The evidence was conflicting, and it was competent to examine the witness Kelly, whether he had objected to the note on the ground of alteration, to test his credibility.

3. It was competent to prove by the oath of the justice, what transpired before him.

*By the Court,* COLE J. This action was commenced before a justice of the peace, and though the complaint is quite informal, yet as no objection was taken to it in that court by the defendant, (now appellant) it must now be deemed sufficient. On several occasions we have held that every reasonable intendment would be made in support of pleadings and proceedings in justices' court, where parties generally make oral statements of the cause of action or defense, and do not resort to formal written pleadings.

We are likewise of the opinion that the evidence as to the note being lost was sufficient to admit parol proof of its contents. Baker, the justice, testified that a note like the one described was given in evidence on the trial before him, that he rendered judgment upon it in favor of the plaintiff, and that since the trial he had carefully searched several times among his papers for the note but could not find it.

This was the best proof which could have been made as to the loss of the note.

The only other question material to be noticed is the alleged error of the circuit court in permitting the plaintiff below on cross examination, to ask the witness Kelly whether he raised any objection to the reading of the note on either of the trials, before Hurlbut or Baker, for any cause whatever. The defense to the action was that the note, after delivery, and without the consent of the maker, had been altered in a

material part and was therefore void. And for the purpose of establishing this defense, among other witnesses, Kelly, who had been counsel for the defendants in two suits brought in the justices' court on this same note, was sworn, and testified that he saw an erasure and interlination on the face of the note—that the words " or bearer," which appeared in the line of the note were erased, and the words " or order " were inserted over the line, and that the interlination did not appear in the same hand writing as the body of the note. To impeach or discredit his testimony upon this point we suppose, he was asked the question whether or not upon the former trials he had objected to the admission of the note in evidence. For if there had been any suspicion about the note, any alteration or mutilation apparent upon the face of it, it was very reasonable to conclude that Kelly would have objected to its admission in evidence, on that ground, at the former trials. And if he did nothing of this kind, his conduct then tended strongly to impeach or discredit his testimony as to the fact that such a suspicious alteration really existed. It seems to us that the question was a legal and proper one to be put to the witness. Undoubtedly the object of asking the witness Hurlburt the question as to whether any objection was made to the note being read on the trial before him, was to rebut the presumption that the note had been altered without the knowledge of the maker, and that this defense had not been made until the note was lost.

All this was competent evidence, and very proper to be taken into consideration, with the other circumstances in determining the question as to the alteration of the note. The court found as a matter of fact, that the erasure and interlination were made by the defendant, Post before the delivery of the note to the payee. That question being fairly submitted to the court, we cannot now disturb the finding.

The judgment of the circuit court is affirmed.