*June Term, 1860.*

TALLMADGE et al.
v.
POTTER

---

## TALLMADGE et al. vs. POTTER.

A common law *certiorari* is not the proper proceeding to correct the errors of inferior tribunals in executing the powers delegated to them. Its object is to confine such tribunals within their jurisdiction, and prevent them from exercising powers not delegated.

ERROR to the Circuit Court for *Fond du Lac* County.

The plaintiffs in error sued out a common law *certiorari* from the Fond du Lac circuit court, to bring before that court the transcript of a judgment rendered against them in favor of *Potter*, before a justice of the peace. The application for the writ was based upon an affidavit stating that on the day of the trial of the action between the parties before the justice, at half-past two o'clock in the afternoon, and while the justice was hearing or deliberating upon said cause, an attorney for the defendants appeared before the justice, and asked for leave to file the general issue, and asked for an adjournment, both of which the justice refused, although the plaintiff and his attorney were then present, but rendered judgment. The transcript returned by the justice, after stating the title of the cause, &c., was as follows: "January 16th, 1855, at 2 o'clock, p.m., suit called—plaintiff appeared and answered—defendants then called, did not appear. Plaintiff declared upon an instrument signed by said defendants, and claimed damages, one hundred dollars, and the case was submitted, after which an attorney, at half-past two, p.m., appeared for defendants, and was allowed, by consent of plaintiff's counsel, to produce any proofs or defense he may have, which he declined, but asked the privilege of filing the plea of the general issue and asked for an adjournment, which was denied by the court as being too late. Whereupon the court, being satisfied that the plaintiff is entitled to judgment for the sum of $100, judgment is hereby rendered for that sum," &c. The circuit court affirmed the judgment of the justice.

*R. P. Eaton*, for plaintiffs in error, contended that the justice erred in refusing the plea offered, thus depriving the defendants in the action of the right of appeal, and cited R. S., chap. 88, sec. 226, 12 Wend., 150.

*E. S. Bragg*, for defendant in error.

July 30       *By the Court*, PAINE, J. We think the court below properly affirmed the judgment of the justice of the peace. The only ground of objection relied on was that the justice refused to receive the defendants' plea, after the case had been sub-

mitted on the part of the plaintiff. Whether this was erroneous or not, it was not such an error as can be reached by a common law *certiorari*. The object of that writ is to confine inferior tribunals within their jurisdiction—to prevent them from exercising powers not delegated to them, and not to correct every error they may commit in executing the powers that are delegated. We held in *Stokes vs. Knarr and another*, at the last term, that this writ was not confined to cases where there was an entire want of jurisdiction, but that it might reach an excess of jurisdiction, and correct a judgment, on the face of which it appeared that the justice had assumed powers beyond those conferred by law. But that is not this case. The justice here assumed no such powers, and there was no error appearing which could be reached by a common law *certiorari*.

June Term, 1860.

Indeed, it may well be doubted whether any error at all was committed. The case of *Pickert vs. Dexter*, 12 Wend., 150, relied on by the plaintiff in error, certainly does not show it. It only holds that the justice should allow the defendant to plead if he appears and offers to do so before the plaintiff has closed his proofs. But here the record shows that the case was submitted on the part of the plaintiff before the defendants appeared. But this point it is unnecessary to determine. For the reasons before stated, the judgment is affirmed with costs.