### NEWCOMB VS. TOWN OF TREMPEALEAU.

*Justice's court — Loss of jurisdiction.*

1. Where a justice of the peace calls an action, on the return day of the summons, *at a different place* from that named in the summons (the defendant not appearing and waiving the objection), he loses jurisdiction.
2. So, also, if the action is called and trial had at the office of plaintiff's attorney, though that be the place named in the summons. R. S., ch. 120, § 3.
3. This court can consider only the record on appeal, and not affidavits subsequently sent up to it.

APPEAL from the Circuit Court for *Trempealeau* County.

This action was brought to the circuit court on *certiorari* to a justice of the peace. The return of the justice shows that the summons was made returnable at his office July 3, 1868, at 9 o'clock A. M. ; that it was returned with service admitted by the clerk and chairman of the defendant town ; that at the time above mentioned the suit was called "in G. Y. Freeman's office ;" that "plaintiff. appeared by G. Y. Freeman ;" that defendant did not appear ; that, after the cause had been held open one hour, it was adjourned, on plaintiff's motion, and on affidavit showing cause, "to July 15th, at 9 A. M., at the office of G. Y. Freeman ;" and that, at the time and place last named, after waiting one hour for defendant to appear, and no appearance being made in its behalf, evidence was taken, and judgment rendered for the plaintiff.

The circuit court affirmed the judgment of the justice; and defendant appealed.

*Newman & Button*, for appellant, to the point that proceedings had at a different time or place from that mentioned in the summons, the defendant not appearing, are void, cited *Bacon v. Bassett*, 19 Wis. 45; 1 Johns. Cas. 243; 12 Johns. 417; 17 Wend. 517; 1 Cow. 112. The summons was made returnable at the justice's office; and it will be presumed that the justice did not hold his office with a practicing attorney, in violation of law. R. S., ch. 120, § 3.

*G. Y. Freeman*, for respondent.

DIXON, C. J.   The judgment of the circuit court, and that of the justice of the peace, must be reversed, both because the justice called the suit on the return day of the summons, at a place different from that named in the summons and because it was called, and the trial had, at the office of the attorney who appeared and conducted the suit for the plaintiff.   The defendant having made no appearance, either on the return day of the summons or on the day to which the cause was adjourned, neither of these objections was waived, and the justice lost jurisdiction.   We cannot presume that the office of the plaintiff's attorney was the office of the justice of the peace, because it was unlawful for the justice to hold his office there.   In the absence of proof to the contrary, the presumption of the law is, that public officers do their duty.   But if the office of the justice was in the same room with the attorney, then the other objection is equally fatal.   The justice was positively prohibited by statute from holding his office at such place, and his proceedings, had in violation of the statute, were void. R. S. ch. 120, § 3.

The plaintiff's attorney has sent up to this court an affidavit, made since this appeal was taken, by which he attempts to contradict or explain the return made by the justice to the court below.   It is needless for us to

observe, that we cannot receive or act upon such affidavits. We must be governed by the record brought up in pursuance of the appeal taken to this court.

*By the Court.* — Judgment reversed.