# BAIZER VS. LASCH.

CERTIORARI: (1) *By whom allowed.* (2, 3) *What it brings up for review.*
JUSTICE'S COURT: (4) *What constitutes a general appearance, and its effect.*
(5) *How jurisdiction lost by adjournment.* (6). *Intendment in favor of jurisdiction.*

1. A writ of *certiorari* may be allowed by a circuit judge during vacation, under sec. 4, ch. 116, R. S.

2. A common law writ of *certiorari* brings up only the record (and not the evidence), and reaches only errors appearing therein which go to the *jurisdiction* of the inferior tribunal.

3 Such a writ would not reach alleged errors of a J. P., (1.) In allowing testimony to be given when no bill of particulars had been filed by the plaintiff at the time he had been ordered to file one. (2.) In that the judgment for damages was in excess of plaintiff's demand in the complaint. (3.) In that the evidence showed the judgment to be for the debt of some person other than the defendant.

4. A demand by defendant of a bill of particulars is a general appearance, and waives any objection to the jurisdiction of the justice for defects in the officer's return to the writ of attachment by which the action was commenced.

5. If a J. P. grants a second adjournment upon plaintiff's motion, without defendant's consent, and without the oath described in sec. 62, ch. 120, R. S., he loses jurisdiction.

6. Every reasonable intendment will be made to sustain the jurisdiction of the justice; and where the record is silent upon the subject, the court will assume that the consent of the opposite party was obtained, or the required oath made, before such second adjournment was granted.

ERROR to the Circuit Court for *Fond du Lac* County.

*F. F. Wilde* (with *A. M. Blair*, of counsel), for plaintiff in error, to the point that a writ of *certiorari* cannot be allowed by the circuit judge in vacation, cited R. S., ch. 116, sec. 4, and Appendix, p. 1041, sec. 9; *Comstock v. Porter*, 5 Wend., 98; *Starr v. Rochester*, 6 id., 564; *Caledonian Company v. Trustees, etc.*, 7 id., 508; *Bradner v. Supervisors, etc.*, 9 id., 433; *The People v. Supervisors, etc*, 15 id., 198; *Gardner v. The Comm'rs, etc.*, 10 How. Pr. R., 181. To the point that the court

will examine only that part of the return to such a writ which goes to the jurisdiction, they cited *Birdsall v. Phillips*, 17 Wend., 464; *Johnson v. Moss*, 20 id., 145; *Stokes v. Knarr*, 11 Wis., 389; *Tallmadge v. Potter*, 12 id., 317. To the point that, the record being silent as to the cause shown for the last adjournment in the justice's court, it would be presumed that the statute was complied with, they cited *Merrit v. Baldwin*, 6 Wis., 439; *Conkey v. Post*, 7 id., 131.

*Gillet, Pier & Bass*, for defendant in error, to the point that the judgment of the justice was properly reversed on *certiorari*, because the record showed no cause for the last adjournment, cited R. S., ch. 120, secs. 61, 62; 18 Barb., 530; 18 Wend., 497; 2 Johns., 192; 8 id., 391; 9 id., 133; 11 id., 407; 12 id., 418; 15 id., 492; 3 Caines, 171; 1 Johns. Cas., 101; 4 Denio, 95; 2 Wait's L. & P., 336; Cowen's Tr., 1214; and to the point that the circuit judge had power to issue the writ in vacation, they cited R. S., ch. 116, sec. 4. The other errors in the justice's court upon which they relied will appear from the opinion.

LYON, J. *Baizer*, the plaintiff in error, brought an action against *Lasch*, the defendant in error, before a justice of the peace, on an account. The defendant in that action appeared specially and moved to dismiss the attachment (the action having been commenced by attachment), for alleged defects in the return of the officer who served the writ. The justice overruled the motion. This was on the 2d day of June, 1870. *Lasch* then demanded a bill of particulars of the plaintiff's account; and the justice ordered him to furnish the same by June 4th. On the affidavit of *Baizer*, and by consent of *Lasch*, the cause was adjourned to August 2d; on which day both parties again appeared, and by consent the cause was held open until three o'clock P. M.; and again the justice, on his own motion, held it open until the next day at 11 A. M.

The return of the justice as to the further proceedings is as follows: " On the 3d day of August, 1870, at 12 o'clock M.,

on motion of the plaintiff, cause continued till the 10th day of August, 1870, at 9 o'clock A. M., at my office." On the 10th day of August the defendant did not appear. The plaintiff in the action appeared, put in his proofs, and obtained judgment for $23.70 damages, and costs. The damages are seventy cents in excess of the amount claimed by the plaintiff in his complaint.

*Lasch*, the defendant in the action before the justice, sued out a common law *certiorari*, which was allowed by the circuit judge in vacation, and removed the case to the circuit court. The circuit court denied a motion to dismiss the writ, and reversed the judgment of the justice. *Baizer*, the plaintiff before the justice, and the defendant in error in the circuit court, has sued out a writ of error on the judgment of the circuit court to reverse the same.

I. The writ of *certiorari* was properly allowed by the circuit judge in vacation. The power is conferred by sec. 4, chap. 116 of the revised statutes.

II. A common law *certiorari* only brings up the record, and can only reach defects or errors in the proceedings of the tribunal to which it is issued, which appear upon the face of the record, and which go to the jurisdiction of that tribunal. Mere errors and irregularities, which do not affect the jurisdiction, are not reached by this proceeding. As was said by Justice PAINE, in *Tallmadge v. Potter*, 12 Wis., 317, " The object of that writ is to confine inferior tribunals within their jurisdiction — to prevent them from exercising powers not delegated to them — and not to correct every error they may commit in executing the powers that are delegated." The evidence is no part of the record ; and it is not the office of the writ to bring up the evidence for review. *Birdsall v. Phillips*, 17 Wend., 464.

III. An application of these principles to this case would have excluded from the consideration of the circuit court several of the objections taken in this court to the justice's judgment, and which were doubtless urged on the argument in that court.

These are, 1st. That the justice erred in allowing testimony to be given when no bill of particulars was filed at the time the court ordered that it should be done. Another perfect answer to this point is, that no objection was interposed to the admission of the testimony. 2d. That the judgment is in excess of the claim of the plaintiff. (*Johnson v. Moss*, 20 Wend., 145.) None of the authorities cited by counsel for the defendant in error to show that the judgment is *void* for that reason, sustains the proposition. It may be error, but not an error that goes to the jurisdiction of the court. 3d. That the evidence shows the judgment rendered by the justice is for the debt of some person other than the defendant *Lasch*. We have already seen that the evidence is not before the court.

None of these alleged errors and defects in the proceedings before the justice affect the jurisdiction of the justice.

IV. But two jurisdictional questions are presented by the record. The first one relates to the alleged defects in the return of the officer to the writ of attachment. We have not looked into that return, because the defendant *Lasch* appeared generally in the action, after his motion to dismiss the attachment had been denied ; and this court has held repeatedly that such an appearance gives the court jurisdiction of the person of the defendant, without regard to defects in the process or in the service and return thereof. The demand for a bill of particulars in the action before the justice was a proceeding to the merits, and a full appearance by *Lasch*, the defendant.

The other of these questions relates to the adjournment from August 3d to August 10th. This adjournment was obtained on motion of the plaintiff *Baizer*. The justice had no power to grant it without the consent of *Lasch*, unless he was satisfied, by the oath of some person, that certain specified causes existed therefor. R. S., ch. 120, secs. 61, 62. If, therefore, he granted the adjournment without such oath or consent, he lost jurisdiction of the case, and the judgment rendered by him August

10th is absolutely null and void, and was properly reversed by the circuit court.

But the record fails to show that the justice granted the adjournment without such consent or the oath required by law. True, the justice does not return that *Lasch* appeared on the 3d and consented to the adjournment, neither does the return show that any oath was made as required by law; but it certainly fails to show the opposite state of facts. The record is silent on the subject. Such being the case, every reasonable intendment must be made to sustain the jurisdiction of the justice. *Merritt v. Baldwin*, 6 Wis., 439; *Conkey v. Post*, 7 Wis., 131. We must therefore assume that the consent of the opposite party was obtained, or the oath required by statute made, before the adjournment was granted, and thus save the jurisdiction of the justice by what we consider to be a reasonable intendment.

This disposes of all the errors alleged to have been committed by the justice in the proceedings before him, and in the judgment rendered by him.

It follows that the judgment of the circuit court must be reversed, and that of the justice affirmed.

*By the Court.*—So ordered.