## VARRELL vs. CHURCH.

CERTIORARI TO J. P.   (1) *Only jurisdictional defects reviewed.*   (2) *Error in taxing costs not jurisdictional.*

1. On a common law *certiorari* to a justice of the peace, the circuit court inquires only into the *jurisdiction* of the justice, and cannot review his errors.
2. Excessive taxation of costs by a justice of the peace is error only, and not jurisdictional. A *dictum* in *Stokes v. Knarr*, 11 Wis., 389, upon this point, disapproved.

APPEAL from the Circuit Court for *Grant* County.

In an action by *Varrell* against *Church*, in justice's court, the plaintiff had judgment for three dollars damages, and $64.98 costs, including in the latter $18.09 for fees of defendant's witnesses, and $16.14 for fees of plaintiff's witnesses. The cause

being taken to the circuit court on a common law writ of *certiorari*, that court affirmed the judgment as to damages, and as to plaintiff's costs, but reversed it as to that part which allowed as costs the amount of defendant's witness fees. From this judgment the defendant appealed.

*Geo. C. Hazelton*, for appellant, argued that it was error for the circuit court to sever the justice's judgment for costs into two parts, so as to reverse it in part and affirm it as to the residue. The power of the court upon return made to a writ of *certiorari* is the same as upon an appeal, the latter being intended as a substitute for the writ. R. S. 1849, ch. 88, sec. 223; *Pfeil v. Harboldt*, 11 Wis., 9. On appeal, where there is no new trial in the circuit court, the statute provides that the court "may affirm or reverse the judgment of the court below in whole or in part." R. S. 1858, ch. 120, sec. 218. It was held in New York, that upon *certiorari*, under a statute in precisely the same words as our former one, and, as to the point here sought to be maintained, in the same words as our present one, the court could affirm as to damages and reverse as to costs, or *vice versa*, because as to damages and costs the judgment was for distinct things; but that there could be no further separation, or partial affirmance and partial reversal. *Sheldon v. Quinlen*, 5 Hill, 441. With this established construction the statute was adopted in this state, and our court early held the same interpretation. *Phillips v. Geesland*, 1 Chand., 57. The present statute has received the same construction from this court. *Carney v. Doyle*, 14 Wis., 270; *Mock v. Erdmann*, 28 id., 113; *Detling v. Weber*, 29 id., 559. 2. Even if the court had power to affirm in part and reverse in part the judgment as to costs, it erred in affirming a judgment for costs in which a greater sum than fifteen dollars was allowed for witness fees. Laws of 1865, ch. 188, sec. 1; Tay Stats., 1527, § 34.

RYAN, C. J. This case was not argued for the respondent.

The brief of the appellant proceeds upon the assumption that the same rule of decision must prevail upon the common law *certiorari* in this case, as upon an appeal; and relies on *Carney v. Doyle*, 14 Wis., 270; *Mock v. Erdmann*, 28 id., 113; and *Detling v. Weber*, 29 id., 559.

We think that this is a mistaken view of the case. We know of no case in which it has been held that the statutory rule of decision upheld by those cases on appeals within sec. 218, ch. 120, R. S., is the rule on a common law *certiorari*.

We have no means of knowing what was the ground on which the court below proceeded, but it appears to us that the language of Mr. Justice PAINE in *Stokes v. Knarr*, 11 Wis., 389, is express authority for the judgment which it rendered.

If we are to abide by the rule in *Carney v. Doyle*, *Mock v. Erdmann*, and *Detling v. Weber*, and at the same time adopt as the law the reasoning in *Stokes v. Knarr*, we should have two essentially and materially different rules of decision, in precisely the same cases, the one on appeal and the other on *certiorari*. This we are not willing to sanction, if we can avoid it.

This court has repeatedly held, as the law undoubtedly is, that a common law *certiorari* reaches questions of jurisdiction only, and not matters of error, in causes before justices of the peace. *Tallmadge v. Potter*, 12 Wis., 317; *Taylor v. Wilkinson*, 22 id., 40; *Owens v. State*, 27 id., 456; *Baizer v. Lasch*, 28 id., 268; *State v. Huck*, 29 id., 202; *Milwaukee Iron Co. v. Schubel*, id., 444; *Hauser v. State*, 33 id., 678.

In *Stokes v. Knarr*, the opinion concedes the general principle, but holds that the writ "is not confined to cases where there is an entire want of jurisdiction, but may be resorted to where, having jurisdiction of a proceeding, those (inferior) tribunals make an order or judgment which exceeds their powers." And, as within this view, it proceeds to argue that a justice of the peace, who, having rendered judgment for a plaintiff and proceeding to tax his costs, includes in them the fees of the defendant's witnesses, so far exceeds his jurisdiction;

and that such excess of jurisdiction may be corrected on a common law *certiorari*, by striking out the excessive taxation.

It appears to us that this view cannot be maintained. We think that, in such a case, taxing for the plaintiff the costs of the defendant's witnesses is as purely error, not jurisdictional, as taxing the costs of more witnesses than the plaintiff was entitled to charge, or taxing more fees for the plaintiff's witnesses than they were entitled to receive, or otherwise taxing excessive costs for the plaintiff. As is said in the opinion, the justice had authority only to tax the costs of the prevailing party; but when he so taxed costs which the prevailing party was not entitled to recover, he was not acting outside of his jurisdiction, but was only erring within his jurisdiction. We do not see why the argument in *Stokes v. Knarr* would not go equally to any error of amount, in damages or costs, in excess of the proper amount, which a justice of the peace may commit, in giving a judgment within his jurisdiction. We are compelled to hold that the opinion overlooks and tends to overturn the distinction between error and want of jurisdiction.

And we can find in no reported case any warrant for the assumption that, upon a common law *certiorari*, an appellate court will undertake to retax the costs in the inferior court, and then affirm the judgment, as seems to follow from the reasoning in *Stokes v. Knarr.* This court held otherwise in *Dykens v. Munson*, 2 Wis., 245.

And we have the less difficulty in disaffirming this doctrine in that case, because the point was not directly raised, and was not necessary to the judgment of the court.

We therefore hold that, on the *certiorari* in this case, the court below could inquire into the jurisdiction of the justice only, and could not review his errors; and that excessive taxation of costs was error, not jurisdictional. And as the return of the justice showed jurisdiction, it was the duty of the court below to affirm the entire judgment. But as this appeal brings before us so much only of the judgment of the

circuit court as affirms the judgment of the justice as to costs, we can only affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.