Callon vs. Sternberg and another.

CALLON VS. STERNBERG and another.

CERTIORARI: (1) *To justice of the peace.* (2) *To other officers.*

|  |  |
|---|---|
| 38 | 539 |
| 103 | 241 |

1. Upon a common-law *certiorari* to a justice of the peace, the circuit court can review those jurisdictional questions only which are presented by the docket entries and the pleadings in the cause, and *cannot examine the evidence* to see whether the justice has exceeded his jurisdiction, even though such evidence has been returned with the writ.

[2. A different rule prevails upon *certiorari* to boards and officers not strictly of a judicial character, and acting out of the course of the common law. 29 Wis., 444.]

APPEAL from the Circuit Court for *Marathon* County.

The case was thus stated in the opinion of Mr. Justice COLE, as originally prepared:

"This was a common-law *certiorari* issued by the circuit court to bring up for review a judgment rendered by a justice of the peace. In addition to the return proper to be made to such a writ, the justice sent up a certified copy of the minutes of the evidence given before him on the trial of the cause. The circuit court treated the evidence thus sent up as a part of the record, and, upon an examination of it, decided that the justice exceeded his jurisdiction in going into the investigation of accounts which on either side largely exceeded $500, and upon that ground reversed the judgment. The excess of jurisdiction could only be ascertained by an examination of the evidence, there being nothing in the docket entries of the justice or in the pleadings to show it."

The judgment of the justice was in the plaintiff's favor; and he appealed from the judgment of the circuit court.

*Silverthorn & Hurley*, for appellant:

1. The evidence cannot be inquired into to discover errors affecting the jurisdiction of the justice, nor for any purpose whatever. *Baizer v. Lasch*, 28 Wis., 270; *State v. Huck*, 29

id., 202; *Tallmadge v. Potter*, 12 id., 317; *Birdsall v. Phillips*, 17 Wend., 464; *Milwaukee Iron Co. v. Schubel*, 29 Wis., 450. 2. The evidence is no part of the record. See cases above cited. Making and settling cases and bills of exceptions are not applicable to justices' courts. *Martin v. Beckwith*, 4 Wis., 221. 3. *Certiorari* will not lie when the party has another remedy. *Owens v. The State*, 27 Wis., 456. An appeal might have been taken, and would have afforded a complete remedy for the error complained of. 4. The record, consisting of the process, pleadings and docket entries, show that the justice had jurisdiction of the person and the subject matter, and that he did not exceed his jurisdiction in the judgment itself.

*C. H. Mueller*, for respondent:

1. It is evident that the justice committed error, and that the defendant's proper remedy was *certiorari*. *Combs v. Dunlap*, 19 Wis., 591; *State v. Huck*, 29 id., 202; *Roberts v. Warren*, 3 id., 736. The case of *Baizer v. Lasch*, 28 Wis., 268, does not change the rule laid down in the cases above cited. 2. The circuit court could properly inquire into the return of the justice far enough to ascertain whether he had jurisdiction of the subject matter. *Buckmyer v. Dubs*, 5 Binn., 30. 3. While the court will not generally look beyond the record on a *certiorari*, there are exceptions, as where the jurisdiction of the court below is in question. *Cullen v. Lowery*, 2 Har. (Del.), 459.

COLE, J. The counsel for the plaintiff insists that, upon the writ of *certiorari*, the circuit court could not consider the evidence, but could only inquire into jurisdictional errors and defects which appeared upon the docket entries of the justice or the pleadings in the cause. This position is fully sustained by the decisions of this court.

In the case of the *Milwaukee Iron Co. v. Schubel*, 29 Wis., 444, in considering the nature and office of a common-law *certiorari*, and what questions will be considered upon it, this court said: "In this state the common-law writ has almost in-

variably been brought to review the proceedings and judgments of justices of the peace, and this court has, with much uniformity, declined to consider upon such a writ any but jurisdictional questions, or such questions of law as might arise upon the docket entries of the justice. The court has refused to try the merits of the action by a common-law writ; or to examine any alleged error of the justice in his rulings on the trial; or to consider any objection which involved an inquiry into the evidence." p. 450. The same doctrine is laid down in *Baizer v. Lasch*, 28 Wis., 268; *State v. Huck*, 29 id., 202; and *Owens v. The State*, 27 id., 456. The case of *Combs v. Dunlap*, 19 id., 591, is not in conflict with the above decisions. In that case the justice stated in his return that the plaintiff failed to appear on the adjourned day — a matter which would properly appear from the docket entries; and still he went on and tried the cause, instead of rendering a judgment of nonsuit as he should have done.

Where a common-law *certiorari* is issued to review the proceedings of boards and officers not strictly judicial, and who are acting out of the course of the common law, as the proceedings of boards of review in the equalization of assessments, or the action of boards of supervisors in laying out and vacating highways, there a different rule obtains. In that class of cases the court will upon such a writ examine the entire proceedings to see if they are regular and in conformity to the statute. *Milwaukee Iron Co. v. Schubel, supra.* But where the writ goes to review the judgment rendered by a justice, the court will not examine the evidence given on the trial. It is true, the statute makes it the duty of the justice to take full minutes of all evidence given before him on the trial of a cause, and to file the same among the papers in the case (sec. 77, ch. 120, R. S.); but this is not brought up on a common-law *certiorari*. *Martin v. Beckwith*, 4 Wis., 219.

It follows from these views that the judgment of the circuit

court must be reversed, and the judgment of the justice must be affirmed.

*By the Court.* — It is so ordered.