## HEALY vs. KNEELAND and others.

*February 5 — February 24, 1880.*

| | |
|---|---|
| 48 | 497 |
| 103 | 242 |

CERTIORARI TO J. P. *(1) Return of* double *docket record.* *(2) Question raised by the writ, and proper judgment thereon.*

| | |
|---|---|
| 48 | 497 |
| 112 | ¹258 |

COSTS: *(3) In supreme court, on part affirmance.*

1. To a common-law *certiorari* from the circuit court, a justice of the peace made return of two distinct docket records of the case, both signed by his predecessor (who rendered the judgment) and properly certified; one of which was full in its entries to show jurisdiction. *Held,* that, in the absence of anything in the return to prove the contrary, it must be presumed that both records were kept at the same time; and an affidavit subsequently filed in the circuit court to show that the fuller record was not made at the time nor by the justice, could not be considered.

2. The question on such a *certiorari* being merely of the justice's *jurisdiction,* the judgment of the circuit court should simply affirm or reverse that of the justice.

3. Where, in such a case, the circuit court further awarded to the defendant in error a judgment for the amount recovered by him before the justice, this court, on appeal, affirming in part and reversing in part, denies costs here to either party, but requires the respondent to pay the clerk's costs.

APPEAL from the Circuit Court for *Trempealeau* County. The action was brought before Isaac Noyes, Esq., a justice of the peace, and was regularly removed to Lyman Cowdery, Esq., another justice of the peace of the same county. A trial · was had before the latter justice, and resulted in a judgment for the plaintiff. The defendants thereupon removed the case to the circuit court by a common-law writ of *certiorari.* The writ was directed to, and return thereto made by, the successor of Justice Cowdery — James M. Barrett, Esq. The return contains copies of two separate and distinct docket records of the case, both signed by Justice Cowdery and properly certified. The contents of these records are sufficiently stated in the opinion.

The circuit court affirmed the judgment of the·justice, and gave judgment for the plaintiff for the amount of his recovery

before the justice.   The defendants appealed from the whole judgment.

*G. Y. Freeman*, for the appellants.

The cause was submitted for the respondent on the brief of *S. W. Button*.

LYON, J.   The entries in one of the docket records made by Justice Cowdery are very full and complete, showing affirmatively regular and valid proceedings in the cause from its commencement to the rendition of the judgment.   The other docket record is as follows:

" January 24.   Suit sworn from Isaac Noyes on the oath of *A. H. Kneeland*, one of the defendants.   Cause adjourned to the second of February, 1877, at 10 A. M.   Heard the case.   Adjourned by consent of parties to the twelfth of February, 1877, at 10 A. M.   Ajourned to the nineteenth of February, at 10 A. M., by consent of parties, at my office in Trempealeau.   February 19, 1877.   Case held open to the twentieth day of February, 1877, at 10 A. M., at my office, for the defendant to make his argument.   The defendant did not appear.

" 10 A. M., February 20, 1877, is considered by me that the plaintiff have and recover of the defendants the sum of $151.80, and the costs, taxed at $39.09."

Unless there is something in the case which excludes the first docket record above mentioned from the consideration of the court, the judgment of the justice was correctly affirmed.   The record proper returned to this court contains nothing whatever which would have justified the circuit court in disregarding that docket record.

We find in the return an affidavit of defendant's attorney, filed in the circuit court at the term the cause was argued, and long after return had been made to the *certiorari*, to the effect that the docket entries first above mentioned were not made until at least twenty days after the justice rendered judgment in the action, and that they were written by some person other

than Justice Cowdery. It is perfectly clear that this affidavit cannot be considered. The case must be determined by the record as returned to the circuit court, and not upon *ex parte* affidavits filed in that court. *Newcomb v. Trempealeau*, 24 Wis., 459. By the return, and that alone, the judgment must stand or fall. To try a question of fact *aliunde* the record in a cause brought to the circuit court by a common law *certiorari* to a justice of the peace, would be very novel practice.

Rejecting the affidavit, one of these docket records is just as potent as the other. The entries in both may have been made *pari passu*, as the cause progressed. The return of the justice not showing the contrary, we must presume, in favor of jurisdiction, that they were so made. One of them being unexceptionable, and showing that the justice had jurisdiction to render the judgment, such judgment was properly affirmed.

We are strongly inclined to the opinion that the entries in the other docket record are also sufficient to show that the justice had jurisdiction of the cause and the parties, and that on that record alone the judgment should be affirmed. It shows that the defendants appeared before Justice Cowdery, went to trial without objection, and consented to every adjournment. But we do not determine whether that record alone will support the judgment. It is sufficient that it is fully sustained by the other record.

The circuit court should have affirmed the judgment of the justice, with costs, without rendering a judgment for the plaintiff for the amount he recovered before the justice. The practice here pursued would be correct on appeal, but not where the case is removed to the circuit court by *certiorari*. The reason for the distinction will appear at a glance. On appeal the court tries the case on the merits, and is prepared to give the proper judgment. On *certiorari* to bring up the judgment of a justice of the peace, the court does not try the merits. Whether the judgment is too large or too small, whether in favor of the party justly entitled thereto or not, are

questions not to be considered. The sole inquiry is, Had the justice jurisdiction to render the judgment? That question is answered by affirmance or reversal, and there the court stops. An affirmance leaves the judgment of the justice in full force; a reversal destroys it absolutely.

Hence, that portion of the judgment of the circuit court which awards to the plaintiff the amount of the judgment recovered by him before the justice must be reversed, and the residue thereof affirmed.

No costs in this court are awarded to either party, except that the respondent must pay the clerk's fees.

*By the Court.* — Ordered accordingly.