CASSIDY, Jr., vs. MILLERICK and others.

*April 25 — May 10, 1881.*

CERTIORARI TO J. P.   *(1) Record imports verity.   (2) Presumption to support judgment.*

1. In reviewing the judgment of a justice's court upon a common-law writ of *certiorari,* the record imports verity, even upon matters going to the jurisdiction, notwithstanding contrary statements in the justice's return.
2. Where the record shows that the justice adjourned the cause to a certain time, *at his office,* and that at the time specified he called said cause, etc., but does not state *where* it was called, it must be presumed that he called it *at his office;* and upon a common-law *certiorari,* the contrary cannot be shown by his return, or by any evidence outside of the record.

APPEAL from the Circuit Court for *Waushara* County. This action, for the unlawful taking and conversion of personal property of the value of $50, was commenced before R. P. Colt, Esq., a justice of the peace, July 8, 1878. On the return-day, July 15, 1878, at 1 o'clock, P. M., the plaintiff filed his complaint in writing, and the defendants made and filed an affidavit that Colt was a material witness, and prayed a removal to some other justice; and the action was accordingly removed to S. B. Hallock, Esq., the nearest justice of the peace in the same county. The defendants did not answer or demur, and no issue was ever joined in the action; but, on application of the defendants to Justice Hallock, and upon cause shown, the cause was adjourned to October 10, 1878, at 10 o'clock A. M. On the day and hour last named, the plaintiff appeared, but none of the defendants made any appearance, and the plaintiff, on proving his complaint, obtained judgment; where-

upon the cause was taken by writ of *certiorari* to the circuit court, and a reversal was claimed on the ground that Justice Hallock did not at the time of the adjournment, nor while the defendants were present, enter in his docket the place, nor any place, to which said cause was adjourned, but that at some time after said adjournment, and after all the parties had left the office of said justice, and without the knowledge or consent of any of the defendants, he did enter in his docket the words: · " At my office, in the town of Poysippi; S. B. HALLOCK, Justice of the Peace;" and for the further reason that all the proceedings in the action, up to the time of the adjournment, were at the residence of said Hallock; that the same was the only office he had at the time; that the defendants appeared at that place at the time to which the cause was adjourned, and remained there for one hour; that neither the plaintiff nor the justice was present; and that the judgment was, in fact, rendered at the town hall, about three miles distant, by the usual traveled route, from the residence of said Hallock.

On the 18th of November, 1878, Justice Hallock made return to the writ of *certiorari*, stating, *inter alia*, that the words " at my office, in the town of Poysippi; S. B. HALLOCK, Justice of the Peace," were included in or added to the other entries in his docket, but that he could not state whether they were entered at the time the preceding portion of the entry was made, or immediately after the parties had left his office. On the 29th of March, 1879, Justice Hallock was ordered by the circuit court to further return when and where the suit was first called; when, where and to what place it was adjourned; when and where the suit was called on the day to which it was adjourned; and whether at the time he kept open any other room or place in which he kept the books, papers and records pertaining to his office, or in which he transacted the business of his office, or whether he kept the same at his residence; and also to return all acts, orders, entries and proceedings made by him in the cause.

On the 8th of April, 1879, Justice Hallock made further return, to the effect that all proceedings before him up to the time of the adjournment, were at his residence; that, to the best of his recollection, he did not enter in his docket the words last quoted until after all the parties had left his residence; that prior to that time the defendants had taken a copy or transcript, which he had then·and there compared with his docket entries and certified to be correct; that at the time of such adjournment he did not make any oral announcement of the place to which the action was adjourned; that at the time to which this action was adjourned, it was called at the town hall, one and a half miles from his residence and office by the nearest route, and three miles by the public highway; that at the time and times said suit was called, adjourned and tried, he did not keep open any room or place or office for the trial of actions, or the transaction of the business of his office, other than his residence, where he kept his docket, books, papers and records pertaining to his office; nor had he done so for more than a year.

On the 18th of September, 1879, Justice Hallock was ordered by the court to return a certified copy of his docket entries in said action; and he returned such certified copy, with the words quoted appearing in connection with the time of the adjournment as above stated. Thereupon the circuit court, after argument affirmed the judgment of the justice.

From the judgment of the circuit court, the defendants appealed.

The cause was submitted for the appellants on the brief óf *R. L. D. Potter* and *B. A. Cady.*

For the respondent there was a brief by *Waring & Ryan* and *Neal Brown*, and oral argument by *Mr. Brown.*

CASSODAY, J. A reversal is urged on the ground that the justice lost jurisdiction of the cause, *first*, by failing to enter in his docket the place to which the cause was adjourned at the

time of the adjournment; and *second,* by calling and trying the cause at a place distant from his office, and different from the place mentioned in the summons. The statute required the justice to enter in his docket the "time and place" to which every adjournment was made. Subd. 5, sec. 3574, R. S.; sec. 11, ch. 120, R. S. 1858. A transcript of the docket entries is made evidence by statute. Sec. 4143, R. S. In *Brown v. Kellogg,* 17 Wis., 475, and *Brahmstead v. Ward,* 44 Wis., 591, cited by counsel, the entries were never made. In the case before us the entry was in fact made. The error alleged is, that it was not made until the parties had left the office. The statute does not say when the entry must be made. Of course the adjournment must always precede the entry. It may be impracticable, if not impossible, at times, to make the entry at the very moment of the adjournment. How soon must it be made, then, to prevent the justice from losing jurisdiction?

In *Kleinsteuber v. Schumacher,* 35 Wis., 608, it was held that the judgment should be perfected and the costs taxed within a reasonable time, and without unnecessary delay. Here the justice states in his return that he completed the entry immediately after the parties left his office. But the docket fails to disclose any precise time after the adjournment when it was made. From the entry itself, and independent of the statement in the return, there would be nothing to indicate that it was not made at the very moment of the adjournment; on the contrary, such would be the inference. Was it competent for the justice, in his return, to impeach such entries, or do away with the inference to be drawn from them, by stating his recollection of the order and duration of each event?

In *Frederick v. Clark,* 5 Wis., 191, it was held that "a common-law *certiorari* brings up the record merely, and only such questions as go to the jurisdiction of the inferior tribunal will be considered." In that case there was an attempt to impeach the return of the officer of the service of the summons, and

the court, per SMITH, J., said: "If the officer made a false return, either originally or by subsequent amendment, he is liable to the party injured; but the truth or falsity of his return cannot be collaterally inquired into in a proceeding like this."

In *Baizer v. Lasch*, 28 Wis., 268, it was held that "a common-law writ of *certiorari* brings up only the record, and reaches only errors *appearing therein*, which go to the jurisdiction of the inferior tribunal." To the same effect, *Varrel v. Church*, 36 Wis., 318.

In *Callon v. Sternberg*, 38 Wis., 539, it was held that, "upon a common-law *certiorari* to a justice of the peace, the circuit court can review those jurisdictional questions only which are presented by the *docket entries and the pleadings in the cause,* and cannot examine the evidence to see whether the justice has exceeded his jurisdiction, even though such evidence has been returned with the writ."

In *Healey v. Kneeland*, 48 Wis., 497, there were two distinct docket records of the case,— one full, showing jurisdiction, and the other not; and it was attempted to be shown that the complete entry was made subsequently to the time it purported to be, and by another than the justice; but it was held that that fact could not be considered to do away with the presumption to the contrary.

These decisions clearly indicate that, in reviewing a judgment of a justice's court upon a common-law writ of *certiorari*, the record imports verity, notwithstanding the statements of the justice to the contrary, even upon matters of jurisdiction. The cases cited also dispose of the question as to the place of calling the suit at the time to which it was adjourned. Upon such a writ it must be conclusively presumed that it was called at his office. To allow the return to have any effect as against the record, and presumptions naturally arising from it, would be to authorize issues of fact as to what did or did not occur. If the justice can go outside of the record, and state in his return that his recollection was in conflict with the rec-

ords and the presumptions arising from them, then it would, at least, be fair that others might give their recollection, and an issue of fact would thus be raised for determination. But it is not the office of such a writ to determine an issue of fact, upon affidavits or otherwise, but merely to determine jurisdictional questions of law appearing upon the face of the record.

In *Newcomb v. Trempealeau*, 24 Wis., 459, the record disclosed the fact that the justice called the suit at a place where he had no right to call it. The question is not whether the defendants had a remedy, but whether they were entitled to the one they sought, upon this writ. We are of the opinion that they were not.

*By the Court.*— The judgment of the circuit court is affirmed.