## PAULSEN vs. INGERSOLL and another.

*January 19 — February 3, 1885.*

JUSTICES' COURTS: LOGS: LIENS. *(1) Description of property in judgment. (2) Entry of findings in docket. (3) Presumption on certiorari.*

1. In an action in justice's court to enforce a lien upon logs which are fully described in the complaint, a judgment that the amount found due the plaintiff is "a lien upon the logs described in the complaint," sufficiently describes the property affected thereby.
2. When such action is tried by the justice without a jury there is no statute requiring him to enter his findings in the docket, and the failure to do so is, at most, an irregularity not affecting his jurisdiction. *Beemis v. Wylie*, 19 Wis. 318, distinguished.
3. Upon *certiorari* in such a case it will be presumed that the proper findings were made previous to judgment.

APPEAL from the Circuit Court for *Lincoln* County.

The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced against the defendant *Ingersoll* alone, in a justice's court in Merrill, in Lincoln county, April 23, 1883, upon an affidavit filed therein to enforce a lien upon saw-logs therein described, for work, labor, and services thereon, completed on and before March 31, 1883, to the amount of $192.68. The attachment was issued and served, and the property seized April 23, 1883. On the return day of the attachment, the plaintiff appeared and filed the usual written complaint in such cases, describing the property, and, at his instance, the cause was adjourned one week, to wit, to May 15, 1883, at 2 P. M., at the office of the justice in Merrill. On the adjourned day, the plaintiff appeared and put in his proofs, and immediately thereupon, and before judgment therein, the justice orally stated his findings in open court, as they were afterwards written out and filed. Whereupon it was adjudged that the plaintiff have and recover of the defendant the sum of $194.36 dam-

ages, and costs of the suit, taxed at $8.07, and that the same was a lien upon the logs described in the complaint.

"May 28, 1883, the defendant *Champagne* filed his affidavit with the justice, setting up that he was the owner of the logs described in the complaint, as provided in ch. 273, Laws of 1882, and therein asked that he be made a party to the action. Thereupon, and upon the affidavit of the said *Champagne*, a writ of *certiorari* was issued in the cause, and served upon and filed with the justice, May 31, 1883. Thereupon the justice wrote out, signed, and filed in the cause, as of May 15, 1883, his findings therein, as follows, to wit:

"'MAY 15, 1883.

"' On considering the evidence herein, the court finds that there is due to the plaintiff from the defendant the sum of $194.36, and that the same is due for the labor alleged in the complaint, and is a lien upon the logs described in the complaint, to wit, about 400,000 feet of pine saw-logs marked P. I. on end and + on side, and about 600,000 feet marked O on end and P. on side.

"'Filed May 15, 1883.                D. W. McLEOD,
"' Justice of the Peace.'

" On the hearing of the return to the *certiorari*, the circuit court affirmed that part of the judgment of the justice for damages and costs against *Ingersoll*, but reversed and held for naught that part of the judgment adjudging and fixing a lien upon the logs and property described in the complaint, but without costs to either party. From that portion of the judgment reversing and annulling that part of the judgment of the justice adjudging and fixing the amount due to the plaintiff a lien upon the logs and property described in the complaint, the plaintiff appeals."

The cause was submitted for the appellant upon briefs by *L. A. Pradt*, attorney, and *Silverthorn, Hurley & Ryan*, of counsel, and for the respondents on the brief of *Bump & Hetzel*.

To the point that the judgment was valid and was certain because it could readily be made certain, the following authorities were cited on behalf of the appellant: *Badger v. Daenieke,* 56 Wis. 680; *Kelly v. McKibben,* 54 Cal. 192; Freeman on Judgments, secs. 45, 48, 54; *Carr v. Anderson,* 24 Miss. 188; *Parker v. Swan,* 1 Humph. 80; *S. C.* 34 Am. Dec. 619; *Everit v. Walworth Co. Bank,* 13 Wis. 419; *Krause v. Cutting,* 32 id. 687; *People ex rel. Lambert v. Foote,* 1 Doug. (Mich.), 102; *Walker's Ex'r v. Page,* 21 Gratt. 636; *Jones v. Belt,* 2 Gill (Md.), 106.

CASSODAY, J. The writ of *certiorari* brought up for review the record before the justice, and that only for the purpose of determining whether the justice had jurisdiction to render and enter the judgment complained of. *Smith v. Buhr, ante,* p. 244, and cases there cited. The record includes not only the necessary docket entries but the pleadings. *Callon v. Sternberg,* 38 Wis. 539; *Cassidy v. Millerick,* 52 Wis. 383. Obviously, it also includes the affidavit for, and the warrant of, attachment and the return of the officer. For the same reason it includes the affidavit of *Champagne,* filed with the justice under ch. 273, Laws of 1882, making him a party defendant in the judgment which had previously been rendered against *Ingersoll,* and expressly authorizing him to appeal therefrom. For the purposes of this case, we shall assume that the right so given to appeal included the right to the writ of *certiorari.*

Such being the record, and the property seized being fully described in the complaint, we must hold that the judgment making the amount due the plaintiff from *Ingersoll* "a lien upon the logs described in the complaint," sufficiently described the property thereby affected. In fact, it is the same description given by the respondent in his affidavit making himself a party, and the same as required by statute in actions of replevin. Sec. 3742, R. S.

The oral findings of the justice, as written out after the

judgment, and filed as of the time of the rendition of the judgment, were strictly in accordance with the statute. Sec. 3340, R. S., as amended by sec. 5, ch. 330, Laws of 1881, and sec. 5, ch. 319, Laws of 1882. Had the cause been tried by a jury, and the jury had agreed upon a verdict, the justice would have been required to "enter the same in his docket, and enter judgment according to said verdict." Sec. 3653, and subd. 9, sec. 3574, R. S. In that event, the verdict being necessarily entered in the docket, thereby would have become a necessary part of the record. But where the cause is tried by the justice, as here, and not tried by a jury, there is no statute requiring such justice to enter his findings in his docket. He was bound in this case to find the facts required by the statute, in order to render the judgment he did. It certainly would have been a very proper thing for him to have entered the same in his docket. The failure to make such entry before judgment may have been an irregularity; but we do not think it deprived the justice of jurisdiction. *Varrell v. Church*, 30 Wis. 318; *Puncheon v. Hill*, 38 Wis. 156. The case of *Beemis v. Wylie*, 19 Wis. 318, is clearly distinguishable. The justice is required to take full minutes of all evidence given before him on the trial of a cause, and file the same among the papers in the case. Sec. 3638, R. S. Such evidence is not, however, any part of the record, and cannot be inquired into on *certiorari*. *Callon v. Sternberg*, 38 Wis. 539; *Cassidy v. Millerick*, 52 Wis. 383; *Smith v. Bahr, ante*, p. 244; *Baizer v. Lasch*, 28 Wis. 268. So, here, the justice was required by statute to make certain findings, but he was not required specifically to reduce them to writing, much less to enter them in his docket. The omission may have been irregular, but upon the question of jurisdiction we must presume that previous to the judgment the justice in fact found what he then adjudged. Such presumption to support such jurisdiction certainly has judicial sanction. *Bacon v. Bassett*, 19 Wis. 45; *Baizer v. Lasch, supra; Coffee v. Chippewa Falls*, 36 Wis.

121; *Storm v. Adams*, 56 Wis. 137; *Driscoll v. Smith*, 59 Wis. 38.

*By the Court.*— That portion of the judgment appealed from is reversed, and the cause is remanded with directions to affirm the judgment of the justice.