State ex rel. Weisskopf v. Byrne Bros. Co. 185 Wis. 237.

STATE EX REL. WEISSKOPF, Receiver, Appellant, vs. BYRNE BROTHERS COMPANY and another, Respondents.

*November 12—December 9, 1924.*

*Appearance: Consent to judgment: Waiver of irregularities: Estoppel to question jurisdiction of court: Certiorari.*

1. A sub-lessee who was not known to the lessor, but who appeared in unlawful detainer proceedings, admitted service on an amended summons, consented to an adjournment, and when the case was called admitted, as did the lessee, the allegations of the complaint and submitted to judgment without objection,—waived any irregularity in the proceedings, and is estopped to question the jurisdiction of the court on the ground that it was not served with a notice to quit or pay rent. p. 239.

2. Upon *certiorari* the court will not consider matters *dehors* the record. p. 239.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court affirming the judgment of the civil court of Milwaukee county in an unlawful detainer action.

The appellant was the receiver for the Purity Manufacturing Company. On March 1, 1923, the defendant *Byrne Brothers Company* leased to *August Gerlach* the premises in question by written lease for a term of seven years, with the option to purchase. Thereafter, on May 5, 1923, *Gerlach* leased the premises to the Purity Manufacturing Company for a like term with the same option. The defendant *Gerlach* failed to pay the stipulated rent, and on September 19, 1923, *Byrne Brothers Company* served the statutory notice for payment the rent due September 1st, on the defendant *Gerlach,* to pay the rent or surrender the premises after the expiration of three days. *Gerlach* failed to surrender the premises or pay the rent, and *Byrne Brothers Company* brought action in the civil court for unlawful detainer. The complaint alleges the necessary facts, and

concludes that the "defendant has refused and neglected to pay said rent or surrender possession of the premises and still holds over the said premises without permission of plaintiff."

The practice in the civil courts of Milwaukee county in unlawful detainer actions is similar to that before justices of the peace. The docket entries of the civil court judge show that the defendant *Gerlach* appeared in person on the return day of the summons and the defendant Purity Manufacturing Company appeared by its president, *August Gerlach*. An amended summons including the Purity Manufacturing Company as defendant was filed with the admission of service by said company indorsed thereon. The case was then adjourned from time to time, and on October 19th the case was called and the parties appeared, the defendant *Gerlach* in person and the defendant Purity Manufacturing Company by its attorney. The docket then recites that both defendants admit all allegations of plaintiff's complaint, and thereupon the court found for the plaintiff and entered judgment for restitution of the premises. There was no objection to the proceedings by either defendant. The defendant Purity Manufacturing Company thereupon took the case to the circuit court for Milwaukee county on *certiorari,* where said judgment was affirmed.

For the appellant there was a brief by *Waldemar C. Wehe* and *Leo J. Landry,* both of Milwaukee, and oral argument by *Mr. Landry.*

For the respondent *Byrne Brothers Company* there was a brief by *Friedrich & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth.*

CROWNHART, J. Both defendants appeared before the civil court and submitted to its jurisdiction. They admitted all the allegations of the complaint, and judgment was entered in favor of the plaintiff for restitution of the premises. The contention of the appellant here is that the defendant

Purity Manufacturing Company was not served with notice to pay rent or surrender the premises as required by statute. The appellant was not a lessor under the plaintiff *Byrne Brothers Company,* and nothing in the record of the civil court discloses that the plaintiff *Byrne Brothers Company* had any knowledge that it was a sub-lessee of the defendant *Gerlach* until the company voluntarily appeared in the action · in the civil court. Its voluntary appearance, consent to adjournment, admission of the facts alleged in the complaint, and submission to judgment without objection, constituted a waiver of any irregularity in the proceedings before the civil court. Plaintiff is estopped to question the jurisdiction of the civil court under the circumstances. *Corbett v. Physicians' Cas. Asso.* 135 Wis. 505, 115 N. W. 365.

A lawsuit is for the purpose of adjudicating the rights of the parties. In the ascertainment of those rights courts must give the most patient and careful consideration. But that right may prevail, courts hesitate to advance the wrong by highly technical proceedings. When, as here, the appellant appeared in court, had its name added to the summons as a party defendant, consented to adjournment, and finally admitted all the allegations of the complaint and made no objections to the entry of judgment against it, it will not now be heard to say the court had no jurisdiction of the person.

Upon *certiorari* the court will not consider matters *dehors* the record. If the record shows jurisdiction of the subject matter and of the person, the writ can serve no office. *Krueger v. Cone,* 106 Wis. 522, 524, 81 N. W. 984; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 61, 90 N. W. 188. As was said in the *Krueger Case:*

"We may only consider on *certiorari* whether the act complained of was within the jurisdiction of the court. Within the field of the jurisdiction of a court or a judicial magistrate the decision may be right or may be wrong and

none the less not be open to review on *certiorari.* *Carter v. Dow*, 16 Wis. 298; *Varrell v. Church*, 36 Wis. 318; *Barnes v. Schmitz*, 44 Wis. 482; *Paulsen v. Ingersoll*, 62 Wis. 312, 22 N. W. 477. A justice of the peace has jurisdiction to decide, which involves jurisdiction to err,—a power, by the way, which is not infrequently exercised."

*By the Court.*—The judgment of the circuit court is affirmed.