McNamara vs. Spees and others.

Practice. (1.) *Judgment on* certiorari.— (2.) *Justice of the peace must render judgment forthwith, on verdict, or lose jurisdiction.*

1. Upon *certiorari,* properly issued and returned, the judgment must be of affirmance or reversal, and not of dismissal.
2. Where, on receiving a verdict against defendant on Saturday night, the J. P. did not render judgment *forthwith* (R. S., ch. 120, sec. 160), but adjourned court until Monday P. M., he lost jurisdiction.

APPEAL from the Circuit Court for *Grant* County.

*Spees* and *Morrison* brought an action before a justice of the peace to recover damages for a trespass by cattle of *McNamara.* At ten o'clock P. M. of the 20th of August, the jury returned a verdict in favor of the plaintiffs, assessing their damages at $10. On motion of the plaintiffs, the justice then ordered that the cause be kept open for rendition of judgment and taxation of costs until Monday the 23d of the same month, at one o'clock P. M.; and at that time judgment was rendered upon the verdict. On an affidavit of *McNamara,* which alleged for errors, *inter alia,* that the justice "exceeded his jurisdiction on said trial," and that he rendered judgment against the affiant, "when in fact he had no

jurisdiction to render any judgment whatever against this affiant in said action," the cause was taken to the circuit court on writ of *certiorari;* but that court dismissed the writ, with costs in favor of the defendants in error. *McNamara* appealed from this judgment.

*Bushnell & Clark,* for appellant, to the point that the justice lost jurisdiction by not rendering judgment upon the verdict *forthwith,* cited R. S., ch. 120, sec. 160; *Silley v. Howard,* 3 Denio, 72; 2 Wait's Pr. 695, and cases there cited. They also contended that the judgment should have been of affirmance or reversal; and that a judgment of dismissal, where proper, should be without costs, citing to the latter point, *Pelt v. Pelt,* 19 Wis. 198, 199; *Pratt v. Brown,* 4 id. 188; *Mitchell v. Kennedy,* 1 id. 511.

*S. U. Pinney,* for respondents, contended that the objection to the jurisdiction of the justice to render the judgment, on the ground that he adjourned the cause after verdict received, should not be considered by this court, because the petition for the writ of *certiorari* did not assign any such ground, and there is nothing to show that the objection was taken before the cause was brought here. Had it been specifically pointed out by the petition, respondents might have obtained a return showing that such adjournment was by consent of the appellant, or that he acquiesced in it; and as the record stands, this court will be justified in inferring that such was the fact. *Kilmore v. Sudam,* 7 Johns. 529. 2. Even if the objection had been properly raised in the court below, the justice should not be held to have lost jurisdiction by the adjournment. In what condition would plaintiffs be placed if the judgment should be reversed? Such reversal would not affect the verdict, which was properly rendered. If they bring a new action, this verdict can be pleaded in bar of their right to recover. *Felter v. Mulliner,* 2 Johns. 181; *Young v. Overacker,* id. 191; 11 id. 457. Suppose such a verdict is rendered just

as the clock strikes midnight on Saturday night; what is the justice to do? He has no right to hold his court open a moment longer, and can do no judicial act in a civil case until Monday morning again. Suppose that the justice, thinking the verdict wrong, refuses to render judgment upon it; could not he be compelled to do so by *mandamus?* And if so, why should it be held void if done of his own accord? 3. Unless the appellant was entitled to have the judgment of the justice reversed, he is not prejudiced by the form of the judgment of the circuit court, and cannot complain of it.

PAINE, J. The judgment of the circuit court dismissing the writ of *certiorari* was improper. There is no pretense that it was not regularly and properly issued and returned. And this being so, if, upon the hearing, it appeared that the action of the justice of the peace was legal, his judgment should have been affirmed, instead of dismissing the writ. Strictly speaking, the appeal from that judgment brings up only the question whether there was an irregularity in practice in the proceedings on the writ in the circuit court, justifying such dismissal.

But as that form of judgment appears to have been adopted as proper where there appeared no reason for reversing the judgment of the justice, and the merits were fully argued, we have considered them, and come to the conclusion that his judgment ought to have been reversed; for the reason that he lost jurisdiction by not rendering judgment forthwith, as the statute requires, on receiving the verdict. He adjourned over from Saturday night until Monday afternoon. This cannot be held a compliance with the statute. One of the cases referred to in the statute (sec. 160, ch. 120), in which the judgment is required to be rendered forthwith, is where the defendant is in custody at the hearing of the cause; and the object of this provision clearly shows that the legis-

lature intended just what they said, that the judgment should be rendered at once. Otherwise the prisoner might be kept in custody, to suit the convenience of the justice, for a considerable length of time after he was entitled to be discharged. It may be said to be a strict rule, but, if so, it is because the legislature chose to establish such a rule. And although courts sometimes attempt to modify the stringency of statutes by construction, yet the difficulty would be, if we felt at liberty to make any such attempt, to know where to stop. If the justice may pass beyond the statute and neglect to render judgment forthwith, how long may he so neglect? If he may adjourn one day, why not two, three, or more? We have no disposition to attempt to assume the functions of the legislature, and to prescribe new regulations upon this subject. The statute is positive and clear, and is the only measure of the powers of justices of the peace. It has repeatedly been held that by a neglect to comply with such provisions they lose jurisdiction. It may be that if the justice had *rendered* judgment forthwith, his neglect for a longer time to comply with the further provision to enter it in his docket would not affect its validity. It was so held in *Hall v. Tuttle*, 6 Hill, 38. But that case, like all the others, plainly implies that the neglect to perform the judicial act of rendering the judgment, beyond the time prescribed by the statute, deprives him of jurisdiction.

*By the Court.*— The judgment dismissing the writ is reversed, and the cause remanded, with directions to enter judgment reversing that of the justice.