## PERKINS VS. JONES.

JUSTICE'S COURT: *Construction of Statutes — Judgment on verdict rendered on 22d of February.*

Ch. 58, Laws of 1861, which declares that no court shall transact any business on the 22d day of February, "unless it be for the purpose of instructing or discharging a jury, or receiving a verdict," and sec. 160, ch. 120, R. S., which requires that in all cases where a verdict shall be rendered in a justice's court, the justice shall "*forthwith* render judgment" — must be construed together so as to prevent a failure of justice, and must be held to authorize an immediate entry of judgment where the verdict is received on the 22d of February.

APPEAL from the Circuit Court for *Dodge* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*Elwell & Lander*, for appellant, relied on sec. 2, ch. 58, Laws of 1861, and to the point that the "day" mentioned in that section includes 24 hours, beginning and ending with midnight, they cited 2 Black. Comm., 141; 1 Burr. Law Dic., 422, "Day," and 2 id., 231, "Night;" *Hiller v. English*, 4 Strobh., 493; *Fox v. Abel*, 2 Conn., 541; *Shaw v. Dodge*, 5 N. H., 462. Our statute, copied from that of New York (2 R. S., 275, sec. 7), is taken with the construction which had there been put upon it (*Draper v. Emerson*, 22 Wis., 150); and as to the New York construction of the word "day," see 2 Wait's Law and Pr., 46, 47; 1 id., 923; *Pulling v. The People*, 8 Barb., 384; *Butler v. Kelsey*, 15 Johns., 177; *Hoghtaling v. Osborn*, id., 119; *Story v. Elliott*, 8 Cow., 28; *Vanderwerker v. The People*, 5 Wend., 530. 2. Under a similar statute as to Sunday, judgment cannot be entered on that day. 8 Barb., 384; 15 Johns., 177; id., 119; 8 Cow., 27. 3. The act of 1861, and the provisions of secs. 93 and 160, ch. 120, R. S., requiring judgment to be entered "forthwith," must be construed together, and the word "forthwith" must be construed to mean at the first legal, convenient time when a judgment may be entered.

*E. P. Smith*, for respondent, argued, 1. That the act of "receiving the verdict" is not legally and fully completed until the judgment which follows necessarily upon that verdict is entered. R. S., ch. 120, secs. 93, 160; *Hall v. Tuttle*, 6 Hill, 38, 39, 42; *Felter v. Mulliner*, 2 Johns., 181. 2. That the statute requiring the entry of judgment *forthwith* (sec. 160, ch. 120, R. S.) is imperative (*Sibley v. Howard*, 3 Denio, 72; *McNamara v. Spees*, 25 Wis., 539); and that the decisions of the court of last resort in New York denying the power to enter judgment on Sunday, were all prior to the statute of that state requiring entry of judgment *forthwith* on verdict rendered in justice's court. 3. That Sundays and all holidays at common law have been held to include only *the solar day*. *Hiller v. English*, 4 Strobh., 493; *Fox v. Abel*, 2 Conn., 541–560; 1 Root, 145; 1 Cow. Treat., 543.

COLE, J. This cause was tried before a justice and jury. After hearing the testimony the jury retired at 11.30 o'clock, P. M., of the 21st day of February, and returned into court at about half past 12 o'clock on the morning of the 22d with their verdict. The justice received the verdict, and immediately proceeded to enter judgment upon it. The question is, whether the judgment thus rendered is valid. It is claimed that it is not, for the reason that chap. 58, Laws of 1861, prohibited the justice from rendering judgment on the 22d, or transacting any business except to receive the verdict and discharge the jury. But we think this statute must be construed in connection with the general statute, and that effect must be given to both as far as possible. The general statute requires the justice, "in all cases where a verdict shall be rendered," that he "forthwith render judgment" thereon. Section 160, chap. 120, R. S.

In the case of *McNamara v. Spees*, 25 Wis., 539, a verdict was rendered by the jury at 10 o'clock on Saturday night. The justice adjourned the cause until the next Monday afternoon,

when he rendered judgment upon the verdict. And this court held that the justice lost jurisdiction because he did not render judgment "forthwith," as the statute requires, on receiving the verdict. Now we do not think the legislature, by the law of 1861, intended to change this general provision in regard to the entry of judgments in justices' courts upon the verdict of a jury. For, if the intention was to absolutely prohibit the justice from rendering judgment upon a verdict received on the 22d of February, it is but reasonable to suppose that some provision would have been made authorizing the justice in such a case to adjourn the cause until another day, when judgment could be rendered, and thus save the suit. In this case, if the justice could not render judgment upon the verdict, it is evident the cause must go down for want of authority on the part of the justice to adjourn or continue the cause until he could perform the judicial act of rendering the judgment. Such a consequence is to be avoided, if possible.

For these reasons we think the judgment of the circuit court, affirming that of the justice, was correct and must be affirmed.

*By the Court.*— Judgment affirmed.