## WEARNE VS. SMITH.

**JUSTICE'S COURT.** *Judgment on verdict must be rendered forthwith.*

1. The statute requiring a J. P., on receiving a verdict, to render judgment *forthwith* (R. S., ch. 120, sec. 160), has received a very strict construction in this court, and the law as thus established will be adhered to until changed by statute.
2. Where a verdict in justice's court was received at 11 P. M., and the court then adjourned on account of the lateness of the hour, and at 9 A. M. the next day rendered and entered a judgment in accordance with the verdict: *Held*, that jurisdiction was lost by such adjournment, and the judgment was invalid. LYON, J., dissents.
3. *It seems* that if the verdict were received on Sunday, the justice would be required to render judgment forthwith. Per DIXON, C. J., who reviews the previous cases in this court.
4. *It seems*, however, that if the judgment is *rendered* at the proper time (by being audibly pronounced so that it may be heard by the parties and others present), that is sufficient, and the justice may subsequently enter it on his docket, and tax the costs. Per DIXON, C. J., citing *McNamara v. Spees*, 25 Wis., 539.

APPEAL from the Circuit Court for *Iowa* County.

A justice of the peace of said county having rendered a judgment in this cause, upon the verdict of a jury, in favor of the plaintiff, the cause was taken to the circuit court by writ of *certiorari*. The errors alleged were that the justice did not render judgment *forthwith* upon the verdict, but did render it on the next day, when he had lost jurisdiction. The circuit court affirmed the judgment; and defendant appealed.

*Alex. Wilson*, for appellant, cited sec. 160, ch. 120, R. S.; 2 Wait's Pr., 695 ; *Sibley v. Howard*, 3 Denio, 72 ; *McNamara v. Spees*, 25 Wis., 541 ; *Perkins v. Jones*, 28 id., 243. Where the words of a statute are plain and unambiguous, an exception contrary to the language cannot be implied. Sedgw. on Stat. & Con. Law, 297, 311 ; *Priestman v. U. S.*, 4 Dall., 30, note per CHASE, J.; 23 N. Y., 588.

*W. W. Likens*, for respondent :

1. If the judgment be entered in the justice's minutes, or if

*any memorandum be made* from which judgment may be subsequently entered in the docket, in due time, it is a sufficient compliance with the terms of the statute, and the judgment will be held to be regular. *Walrod v. Shuler*, 2 Coms., 134; *Hall v. Tuttle*, 6 Hill, 38; 2 Wait's Law & Pr., 694, 695. 2. Such a memorandum was made in this case by the filing of the verdict for that purpose. The filing of the justice's minutes containing a memorandum of the verdict was held sufficient in *Hall v. Tuttle, supra;* and surely the verdict itself, when filed, was a more reliable memorandum. The rendering of judgment by a justice when a verdict has been returned, is, where the amount of the verdict is not too great, as purely ministerial as the entering of the same in the docket, the statute being equally imperative. If the judgment be for a certain sum, judgment will be for the same, with costs, which are prescribed by statute. R. S., ch. 120, secs. 93, 160. 3. The judgment was entered "forthwith," within the meaning of that term in the statute; that is, "within a reasonable time," or "as soon as, by reasonable exertion, confined to the object, it might be accomplished." Bouv.•& Burr. Law Dics., *sub verbo;* 4 Tyrwhitt (Exch.), 837; Style's Reg., 452–3; 3 Chitty's Gen. Pr., 112.

DIXON, C. J. It appears from the record that upon the trial of the action before the justice of the peace, the jury came into court with their verdict in writing at 11 o'clock, P. M., on the 20th day of March, 1872, whereupon the court received and filed the same, "and, it being so late, the court went home, and on the morning of the 21st of March, 1872, at 9 o'clock, A. M., the court, in. conformance to said verdict," rendered judgment and entered the same in his docket. The question is, whether the justice lost jurisdiction of the action by his failure to render judgment forthwith on receiving the verdict, as required by the statute. R. S., ch. 120, sec. 160; 2 Tay. Stats., 1387, § 176. On common law *certiorari* to the

justice, the circuit court held he had not, and affirmed the judgment. This is an appeal from the judgment of the circuit court.

On looking into the decisions of this court, it will be found that the very most strict and literal construction has been given to the provisions of this statute, making it imperative even upon justices immediately to render judgments on verdicts received on certain holidays, notwithstanding the prohibition of another statute (Laws of 1861, ch. 58, sec. 2; 2 Tay. Stats., 1342, § 20) declaring that no court shall be open or transact any business on such holidays, "unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict." *McNamara v. Spees*, 25 Wis., 539; *Perkins v. Jones*, 28 id., 243. It would seem to follow from the principle of the last decision, that a justice of the peace must proceed to render judgment on Sunday where the verdict is received on that day, since the language of the statute prohibiting the transaction of judicial business on the first day of the week is precisely the same as in the case of the holidays above referred to. R. S., ch. 119, sec. 19; 2 Tay. Stats., 1341, § 19. It is true that the courts of New York have construed the same statutes differently, and held that judgment cannot be rendered on Sunday; but that rule cannot govern here. *Allen v. Godfrey*, 44 N. Y., 433. The strict, unbending construction already given must be adhered to, until changed by legislative action. I must confess I am not fully satisfied with the rule, nor have I ever been with the severity of construction, which has prevailed in this court, of statutes regulating and connected with proceedings had or pending before justices of the peace. See *Chinnock v. Stevens*, 23 Wis., 396. Still, a construction having once been given to a statute, I am not in favor of changing it otherwise than by act of the legislature.

It follows very clearly, I think, from the cases cited, that the justice here lost jurisdiction of the action. It follows from them that nothing, neither hunger, nor thirst, nor weariness,

nor want of sleep, nor pain, nor sickness, nor heat, nor cold, nor religious scruples, nor any earthly thing, shall excuse the justice for not rendering judgment *instanter* on receipt of the verdict. He must do so without delay, and as the very next act by him performed, or all jurisdiction is gone. The rule has this advantage, which I admit is no slight one, of the utmost certainty in its application. But, as appears from *McNamara v. Spees*, and authorities there cited, this urgent duty of the magistrate is attended by at least one circumstance of alleviation. He is only required to *render* judgment instantly, but not to *enter* it in his docket. The former, being the judicial act, must be performed at once ; the latter, the ministerial, may be done afterwards. The former is done by pronouncing judgment in words audible to the parties and bystanders, as by saying in a voice capable of being heard: "I render judgment on this verdict in favor of the plaintiff and against the defendant, for the damages found by the jury and the costs of suit." The judgment thus rendered may be subsequently entered in the docket, and the costs taxed, without affecting its validity.

*By the Court.* — The judgment appealed from is reversed, and the cause remanded with directions to enter judgment reversing that of the justice.

LYON, J., dissents.