Day, J.
A judgment is not a bar to another action unless it was rendered upon the matter in controversy. The-judgment pleaded in this case does not purport to be rendered upon the cause of action, nor does anything appear-in the transcript from which it can be implied. No effect can be given to it inconsistent with its terms, and its-language forbids it from being regarded as a judgment, upon the merits of the action. Moreover, had the judgment been rendered within the time allowed by law, for aught that appears, it was the proper judgment to be-rendered in the case. It is entirely consistent with the-supposition that the cause of action was not at all considered by the justice; for he may, in a proper case, dismiss-an action without passing upon its merits — as that it was-objected at the trial and appeared by the evidence that the. action was brought in the wrong township, in which case he was authorized by the statute to dismiss the action, “without prejudice to a new action.” Justices’Act, sec.. 104. But the judgment was not rendered until eight days-after the trial. Had the case been tried on its merits, the justice could then properly have rendered no other judgment than one of dismissal; for if he had entered judgment on the merits at that time, it would have been at least erroneous, and possibly of no validity whatever. Section 107 of the justices’ act provides, that when the trial is by *562 the justice, judgment “ must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive.” This language is clear, specific, and peremptory. The power'of the justice must be measured by the statute. Accordingly, it was held in Robinson v. Kious, 4 Ohio St. 593, that a judgment rendered by a justice after the time allowed by the statute, was, for that reason, reversible; and the holding in Dunlap v. Robinson, 12 Ohio St. 530, would warrant the conclusion that such delay works a discontinuance of the action. To the same effect are the following cases: Watson v. Davis, 19 Wend. 371; Young v. Rummell, 5 Hill, 60, and 7 Hill, 503; Sibley v. Howard, 3 Denio, 72; McNamara v. Spees, 25 Wis. 539. But it is unnecessary in this case to express an opinion as to the legal effect of the judgment, further than to say that, having delayed to enter it within the time allowed by law, no more appropriate judgment could have been rendered than one of dismissal without prejudice to a new action. Upon the ground, then, that the judgment was not upon the merits of the action, we must hold that the court erred in adjudging it to be a bar to the action subsequently brought on the same cause of action.
It follows that the judgment of the Common Pleas and that of the District Court must be reversed. The cause will be remanded to the Court of Common Pleas for further proceedings.