The present motion of the attorney general must therefore be granted.

*By the Court.* — So ordered.

---

## KLEINSTEUBER vs. SCHUMACHER and another.

JUSTICE'S COURT. (1–3) *Entry of judgment on verdict. Taxation of costs within reasonable time. Loss of jurisdiction.* (4) *Review of judgment on* certiorari. (5) *Rule for further return of writ of* certiorari. (6) *Power of justice as to amending his judgment.*

1. If a justice of the peace, immediately upon receipt of a verdict, states, in words audible to the parties and bystanders, present in court, that

Kleinsteuber vs. Schumacher and another.

he renders judgment in favor of the prevailing party, for the damages found by the jury, with costs of suit, such judgment may be *subsequently* entered upon his docket, and the costs taxed, without affecting its validity. *Wearne v. Smith*, 32 Wis., 412.

2. But the justice must proceed *within a reasonable time*, and without unnecessary delay, to tax the costs and perfect the judgment, or he will *lose jurisdiction* of the cause.

3. In this case, the justice, on the receipt of the verdict, on the 7th of October, rendered judgment thereon for damages and costs, but without then determining the amount of such costs; and about the 20th of the same month he taxed the costs, and included the amount thereof in the judgment. *Held*, that the costs were not taxed within a reasonable time, and that the justice had previously lost jurisdiction.

4. The taxation of the costs in such case, and the entry of judgment therefor, being acts in excess of the justice's jurisdiction, may be corrected by the circuit court on the common law writ of *certiorari*. And that court may affirm the justice's judgment as to damages, while reversing it as to costs.

5. Upon the suggestion made on the record, or on affidavit and motion, that the return of the justice to a writ of *certiorari* does not fully show all the proceedings had before him in the cause, the circuit court may properly grant a rule upon him to make a further return.

6. Where a justice of the peace, in his taxation of costs in the first instance, allows items not authorized by law, and includes the amount thereof in the judgment, he has no authority afterwards to correct the judgment in that particular.

ERROR to the Circuit Court for *Milwaukee* County.

This action was originally brought in justice's court, and was tried by a jury on the 7th of October, 1873. Verdict for plaintiff for $55 damages, upon which judgment was entered against the defendants, with costs.

The defendants removed the cause to the circuit court by common law writ of *certiorari*, assigning as grounds for the same, that the justice erred in not having taxed the costs or entered judgment within a proper time, and also in having taxed up against them various illegal items of costs. The affidavit of one of the defendants, upon which the writ issued, states that the affiant is informed and verily believes that the

justice failed and neglected to tax the plaintiff's costs in said suit until at least one week had elapsed after the 7th of October, the day on which the defendant's verdict was rendered. The affidavit also alleged the entry of judgment for $55 damages, and $60.27 costs. The justice returned that after the verdict was received and judgment entered thereon, he, "on a subsequent day, and in due time," taxed the costs at $51.39. On defendant's motion, based upon an affidavit tending to show that the justice's docket had been altered, and that his return was defective, in some respects, the justice was ordered to make further return. His final return showed that upon receiving the verdict of the jury he entered judgment immediately for the amount of the verdict and the costs of suit, without then determining the amount of the costs; and that subsequently, about the 20th of October, he taxed the costs at the amount first returned by him, and entered the same in his docket. The question whether he had first taxed the costs at $60.27, and afterward retaxed them at $51.39, was left in uncertainty.

Plaintiff's motion to quash the writ of *certiorari*, because granted "in an improper case," noticed before the application for an amended return, but argued after such return was filed, and his subsequent motion to strike such amended return from the files, were overruled; and the judgment of the justice was reversed as to costs, and affirmed as to damages. Plaintiff thereupon took his writ of error to reverse the judgment of the circuit court.

*E. Fox Cook,* for plaintiff in error, argued, 1. That the writ should have been quashed because the only statements in defendant's affidavit upon which it issued, charging error in the justice, were made upon information and belief. 2 Chitty's Pr., 224–5; 2 Cow., 461, 521; *Butler v. McIntyre,* 2 Johns., 182; 1 Wait's Pr. (1872), 636, note *d.* 2. That the amended return disclosed no material facts not fully returned before, and should therefore have been stricken out. 3. That the entry of judgment by the justice upon the verdict was in strict conformity

with statute (secs. 93, 159, ch. 120, R. S.; 2 Tay. Stats., 1387, § 173 and references; *Hurlbut v. Wilcox*, 19 Wis., 419); that with the entry of judgment for the damages awarded by the jury and the costs of suits, the *judicial* action of the justice as to the costs was determined, and there remained for him only the *ministerial* act of taxing up the costs and ascertaining the amount, the time of doing which was immaterial. *Bacon v. Bassett*, 19 Wis., 45, and cases there cited; *Hull v. Tuttle*, 6 Hill, 38; 2 Chand., 110; 2 Tay. Stats., 1387, § 176, 1403–4, §§ 260, 263, 266, and 1498, § 22; 13 Wis., 1. 4. That the defendants had a remedy by appeal, and therefore, no usurpation of power by the justice being shown, *certiorari* would not lie. 19 Wis., 591; 4 id., 91, 1 id., 361; 2 id., 245, 288; 20 id., 48; 3 Chand., 162; 5 Hill, 264; 2 id., 9, 14, and cases there cited.

*Cotzhausen, Sylvester & Scheiber*, for respondents :

The proceedings to obtain a supplemental return were proper. 30 How., 374. The court had the power to affirm the justice's judgment as to damages, and reverse as to costs. *Detling v. Weber*, 29 Wis., 559. If, then, the justice had no jurisdiction to tax the costs at the time he did, the judgment of the circuit court must be affirmed. Justice's courts are creatures of statute, and have no powers or jurisdiction except such as are expressly conferred upon them by law. The statute (R. S., ch. 120, sec. 160) requires a justice in all cases, upon verdict by a jury, to render judgment forthwith. By failing to do so, he loses jurisdiction of the case, and a judgment rendered subsequently is *coram non judice* and void. *Watson v. Davis*, 19 Wend., 371; *Sibley v. Howard*, 3 Denio, 72; *McNamara v. Spees*, 25 Wis., 539. Taxation of costs by a justice is a judicial act, and must be done within the time limited by statute for rendering judgment, or the latter will be incomplete. *Stokes v. Knarr*, 11 Wis., 391; *Cord v. Southwell*, 15 id., 211; 25 id., 539; 3 Denio, 72; *Stephens v. Santee*, 49 N. Y., 35. The statute contemplates a complete judgment, in order that the further provisions in regard to proceedings subsequent to judgment

may not be ineffectual. See R. S., ch. 120, secs. 175, 179, 181, 204, 205.

COLE, J. The first exception relied on for a reversal of the judgment of the circuit court is the one taken to the refusal of the court to quash the writ of *certiorari.* It is insisted that the writ should have been quashed because of the insufficiency of the affidavit upon which it was granted. The specific objection taken to the affidavit is, that many of the material facts are stated upon information and belief merely, and not positively as they should have been. We think the objection was very properly disregarded. There is surely enough stated in the affidavits to show that the justice exceeded his jurisdiction in the taxation of costs; for, upon the facts set forth, it seems that the justice neglected and failed to tax the costs within a reasonable time after the verdict was rendered. This showed an excess of jurisdiction on the part of the justice, and authorized the issuing of the writ. The further objection that the court erred in granting the rule upon the justice to make further returns to the writ, upon the suggestion on the record, or on the affidavit and motion, that the original return was defective and did not fully show all the proceedings had before him in the cause, seems to us too obviously untenable to require any particular notice.

Considering the various returns made by the justice to the writ, we think the circuit court was clearly right in reversing the judgment of the justice so far as costs were concerned. For by no admissible construction of the statute can it be maintained that the justice had authority to tax the costs and enter the amount thereof in the judgment at the time it appears he taxed them. He had then lost all jurisdiction of the cause, and could not then either tax the costs or correct any error in the taxation previously made.

The justice returns, in substance, that on the receipt of the verdict he immediately rendered judgment in the action for

$55 damages, and for costs of suit, but that he did not then proceed to tax the costs, nor did he name any sum for which judgment for costs was given. Had the justice, after thus having rendered judgment upon the verdict, proceeded, without unnecessary delay and within a reasonable time, to ascertain the amount of costs and perfect the judgment upon his docket, we should have no difficulty in holding that he had not lost jurisdiction of the cause. In *Wearne v. Smith*, 32 Wis., 412, it was held that if the justice render judgment instantly, on receipt of the verdict, by saying, in words audible to the parties and bystanders, that he renders judgment in favor of the prevailing party for the damages found by the jury with costs of suit, the judgment thus rendered may be subsequently entered upon his docket, and the costs taxed, without affecting its validity. We are inclined to adhere to this construction of the statute, and to say that it authorizes the justice to subsequently tax the costs and perfect the judgment upon his docket, which he has already rendered, providing he proceeds within a reasonable time and without unnecessary delay to the performance of that duty. What should be deemed a reasonable time within which the costs should be taxed and the judgment perfected upon the docket, will depend somewhat on the circumstances attending the trial; the time the verdict is received; and the care and labor necessary to examine papers and make a correct taxation. It is undoubtedly true that the justice cannot instantly determine the amount of costs to be taxed, and therefore he cannot at once give judgment for any specified sum when he renders judgment upon the verdict, as he may do, for the amount of damages found by the jury and costs. In the present case it appears that the justice, on the receipt of the verdict on the 7th day of October, rendered judgment thereon for the damages and costs; and that subsequently, on or about the 20th of the same month, he taxed the costs in the action. We do not think the statute ever intended to give the justice power to tax the costs and perfect the judgment after such a

lapse of time from the actual rendition of the judgment upon the verdict; and there is no reason for his exercising any such power. It is said that the fees of the officers and all costs are fixed by statute, and must be ascertained from records and papers on file with the justice, and therefore it is quite immaterial when the costs are actually taxed.   This is a mistake, as one or two considerations will show.   Suppose the losing party wishes to stay the execution upon the judgment, under sec. 198, ch. 120, Tay. Stats. : how can he give the recognizance required, if the costs are not taxed ?   Or he may wish to stay execution on appeal, under the subsequent sections of the same chapter ; and how can he determine the amount in which the written undertaking must be given, when there has been no taxation of the costs ?   It must be apparent from these provisions of the statute, as well as the evils which would inevitably grow out of a different practice, that there should be no unnecessary delay in the taxation of costs, but that the justice should tax them within a reasonable time.   We feel fully warranted in saying that the justice did not tax the costs within a reasonable time and before he lost jurisdiction of the action.   The rules which this court has laid down regulating the proceedings in actions before justices of the peace are quite strict, and it would be in conflict with all our decisions upon the subject to affirm the judgment for costs in the present case.   And under the decision in *Detling v. Weber*, 29 Wis., 559, the circuit court was authorized in affirming the judgment of the justice in respect to the damages, while reversing the judgment for costs.   The latter was void because not rendered within the time limited by law.

There is much in this case which tends to support the inference that the justice first gave a judgment for costs which included illegal items, and that he afterwards changed the taxation.   We cannot absolutely assume, upon the returns of the justice, that this was done.   If the justice did in fact include illegal items in the first taxation, as stated in the affidavit for

the writ, it is very plain that he would have no authority afterwards to correct his judgment in that particular. The statute gives the justice no power to review and correct his own errors after he has once rendered judgment. It is said the justice first gave a judgment for $60.27 costs, and, when he found that illegal items were embraced in the taxation, changed the judgment for costs to $51.39. The justice, however, does not so state in his return, and ,the case has not therefore been considered in that aspect. But the error before noticed, that the justice did not tax the costs within the time limited, is fatal to the judgment as to costs.

*By the Court.*—The judgment of the circuit court is affirmed.