## WHEELER VS. HALL.

JUSTICES' COURTS.	*Time given for consideration before rendering judgment.*

A justice of the peace,. before whom a cause is tried without a jury, having power to reserve his decision for not more than seventy-two hours (sec. 96, ch. 120, R. S.), may do this by *several successive continuances*, without consent of parties, if the judgment is finally entered within the time limited.

APPEAL from the Circuit Court for *Portage* County.

*Wheeler* brought his action against *Hall* before a justice of the peace, by whom the action was tried without a jury, and judgment rendered in the plaintiff's favor for the sum demanded, with costs. The cause was removed to the circuit court by a common-law writ of *certiorari;* and, upon the hearing there, that court reversed the judgment of the justice, on the ground that the latter had. lost jurisdiction of the cause before rendering such judgment. The grounds upon which this decision was based, will sufficiently appear from the opinion. The plaintiff appealed from the judgment of the circuit court.

*H. W. Lee*, for the appellant, cited R. S., ch. 120, sec. 96 (Tay. Stats., 1372, § 103); 2 N. Y., 134; 19 Wend., 371; *Wheeler v. Smith*, 18 Wis., 652; 14 id., 197; 38 id., 539.

The cause was submitted for the respondent on the brief of *James O. Raymond.* He argued that justice's courts must pursue their authority strictly, and that the statute requires the justice, when he has once continued the cause to a time named, to appear and determine the suit at that time.

COLE, J. The main question arising upon this record is,

Did the justice lose jurisdiction of the cause by continuing it in the manner he did? From the return made by the justice to the writ of *certiorari*, it appears that the cause was tried before the justice — a jury being waived — in the afternoon of the 12th day of July. After hearing the testimony, the justice reserved his decision, and continued the cause until July 13th, at one o'clock P. M. On the 13th the cause was continued until the 14th at the same hour; and on the 14th was again continued until the 15th, at 9 o'clock A. M., when the justice rendered his decision, and entered judgment.

It is claimed by the learned counsel for the respondent, that by these adjournments, without the consent of parties, the justice entirely lost jurisdiction of the cause and the power to render judgment therein. The statute relating to this question provides that, "whenever a justice shall take time to consider upon a cause submitted to him for decision, he shall continue the cause to a time to be by him named, not more than seventy-two hours from the time the same is so submitted, at which time he shall enter his judgment." Sec. 96, ch. 120, R. S. It will be seen that the justice rendered his decision within the time limited by this provision; therefore, the question would seem to be, whether the justice by one continuance exhausted his power further to continue the cause, or whether he might continue it as he did, entering the judgment within seventy-two hours from the time the cause was submitted? We confess we see no valid reason for holding that the justice had no power to continue the cause but once, if, at the expiration of the first continuance, he had not made up his mind what judgment he ought to render.

The statute contemplates that the justice may desire to take time to examine the testimony and determine upon the decision. It therefore allows him seventy-two hours for that purpose. It is certain that the justice might have taken, in the first instance, seventy-two hours to consider of his judgment; but, instead of doing that, he continued the cause by

proper entries upon his docket, from day to day, not exceeding that period. No substantial reason now occurs to us for holding that he exceeded his jurisdiction, or for placing such a construction upon the statute as denies him the power he exercised over the cause.

It is said that the defendant appeared at the office of the justice at the hour to which the cause was adjourned, and that the justice was not present. Conceding the fact to be as claimed, it has no bearing upon the construction of the statute. For the justice either had the power to adjourn the cause from day to day, as he did do, not exceeding the time limited, or he had not that power. These adjournments made by him were quite different from the ordinary ones, as was pointed out in *Wheeler v. Smith*, 18 Wis., 652, and there is not the same necessity for the parties being informed of them in order to protect their rights. Nor does the case come within the principle of that class of decisions which hold that an adjournment for more than ninety days operates as a discontinuance (*Mahr v. Young*, 13 Wis., 635); nor of those which hold that by a failure to render judgment forthwith upon a verdict, the justice loses jurisdiction (*McNamara v. Spees*, 25 Wis., 539; *Perkins v. Jones*, 28 id., 243; *Wearne v. Smith*, 32 id., 412). Some of these cases, undoubtedly, lay down a very strict rule in regard to the power of the justice; but, in holding as we do, it is not necessary to come in conflict with anything decided in them.

The view expressed above is decisive of this cause, and the other questions discussed need not be noticed.

*By the Court.*— The judgment of the circuit court is reversed, and that of the justice affirmed.