Thompson v. Church.

MARGARET A. THOMPSON, PLAINTIFF IN ERROR, V. GEORGE M. CHURCH, DEFENDANT IN ERROR.

Justice of Peace: ENTERING JUDGMENT ON SUNDAY. In an action tried to a jury in a justice court the jury retired at 10:30 P.M. on Saturday, and returned their verdict into court at 7:30 A.M. on Sunday. *Held*, That it was the duty of the justice to render judgment immediately upon the receipt of the verdict.

ERROR to the district court for Jefferson county. Heard below before WEAVER, J.

*Slocumb & Hambel,* for plaintiff in error.

Entry of judgment on Sunday was void. Sec. 1002, Code, must be construed with sec. 38, Comp. Stat., 202. *Houghtaling v. Osborn,* 15 Johns., 119.    *Reid v. State,* 53 Ala., 402.    *Blood v. Bates,* 31 Vt., 147.    *Allen v. Godfrey,* 44 N. Y., 433.    *Story v. Elliott,* 8 Cow., 27.    *McCorkle v. The State,* 14 Ind., 39.    *Arthur v. Mosby,* 2 Bibb., 589. *Baxter v. The People,* 3 Gilm., 368.    *Chapman v. The State,* 5 Blkf., 111.    *Van Vechten v. Paddock,* 12 Johns., 178.

*O. H. Scott* and *A. R. Scott,* for defendant in error, cited: *Perkins v. Jones,* 28 Wis., 244.    *Wearne v. Smith,* 33 Wis., 412.    *Sibley v. Howard,* 3 Denio, 72.

MAXWELL, J.

This case was tried to a jury in a justice's court, the trial commencing on the twentieth day of August, 1881. The cause was submitted to the jury at 10:30 P.M., August 20, and at 7:30 A.M. on the twenty-first of that month, the jury returned their verdict into court. The justice thereupon immediately rendered judgment thereon. This is assigned for error. The question to be determined is the authority of the justice to render judgment on Sunday.

Sec. 38 of an act to amend chapter 13 of the Revised Statutes of 1866, entitled "Courts" (Comp. Stat., 202), provides that, "no court can be opened, nor can any judicial business be transacted on Sunday, or on any legal holiday, except, 1. To give instructions to a jury then deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. To exercise the powers of a single magistrate in a criminal proceeding.

Sec. 1002 of the code provides that, "upon a verdict, the justice must immediately render judgment accordingly."

These provisions of the statute must be construed to-

gether, and effect given to both as far as possible. Construed in this way but little difficulty will be found. Whenever a verdict is received, it is the duty of the justice to render judgment thereon. He is required *immediately* to perform this duty. There is no restriction upon the power nor any exceptions stated as to the operation of the rule. The verdict must be delivered publicly to the justice. It must be in writing and signed by the foreman, and the justice should enquire of the jury if it is their verdict, and either party may require the jury to be polled. These are formalities that attend the receipt of all verdicts, those received on Sunday not being excepted. These inquiries are necessary in order to determine that what purports to be a verdict has received the assent of all the jurors, and is actually what it purports to be, yet if the statute is to be construed literally, the right to make such inquiries might be questioned. The authority of a justice of the peace is derived wholly from the statute. That is the chart and compass by which he is to be guided. In certain cases where there is nothing in the nature of the power to be exercised by the officer which justifies the inference that time was mentioned in the statute as a limitation, the time within which an act is to be performed is sometimes considered merely as directory.

Judge GANTT seems to have stated the rule correctly in *Hurford v. City of Omaha*, 4 Neb., 349, 350–1. But where the language of the statute is imperative, and it is apparent that the legislature intended to limit the time within which the power must be exercised, the officer has no discretion in the premises, but must perform the duty within the time limited. *Perkins v. Jones*, 28 Wis., 243. *Weaver v. Smith*, 32 Id., 412. We have no doubt that where a verdict is received on Sunday, it is the duty of the justice immediately to render judgment thereon. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.