HULL vs. MALLORY.

*November 27 — December 12, 1882.*

JUSTICES' COURTS. *Judgment on verdict to be rendered* instanter.

Under sec. 3662, R. S. (which provides that where a verdict shall
be rendered in favor of either party the justice shall *forthwith* render judgment), a justice of the peace must render judgment *instanter*, upon a verdict. By a delay (in this case of fourteen
hours), he loses jurisdiction, and his judgment rendered after such
delay is void.

APPEAL from the Circuit Court for *Green* County.

The case is sufficiently stated in the opinion. The defendant appealed from the judgment of the circuit court.

*P. J. Clawson*, for the appellant.

The cause was submitted for the respondent on the brief of
*B. Dunwiddie:*

There was no adjournment in this case, but judgment was
rendered and entered in the docket on the same day that
the verdict was rendered. This is just what is meant by the
word "forthwith." The legal meaning of that word is the
same as *instanter;* and *instanter* means during the day or
within the day. Bouvier's Law Dict.; *Wearne v. Smith,*
32 Wis., 415. In all the cases that have been decided by this
court, the justice had adjourned the cause, after receiving
verdict, until the following day.

ORTON, J. This action was tried before a justice of the
peace and a jury. At two o'clock in the forenoon the jury
brought in their verdict for the plaintiff of $15, and were
discharged. Immediately on the coming in of this verdict, the
justice, without adjournment even, left his office and went
to his home, and did not return again to his office until four
o'clock in the afternoon of the same day. He did not declare
or pronounce, render or enter, any judgment in the case
until that time, and then rendered and entered judgment for

the plaintiff on said verdict for $15 damages and costs.    On *certiorari* the circuit court affirmed the judgment of the justice as to the damages, and modified it as to the costs.

The point is made that the justice lost jurisdiction to render the judgment by delay, and that the judgment is therefore void.    The statute (sec. 3662, R. S.) provides that " in all cases where a verdict shall be rendered in favor of either party, the justice *shall forthwith* render judgment and enter the same in his docket."    The word *forthwith* in this statute has been construed in the most emphatic manner to mean *instanter* by this court in several cases, and it is no longer an open question.    *McNamara v. Spees*, 25 Wis., 539; *Perkins v. Jones*, 28 Wis., 243; *Wearne v. Smith*, 32 Wis., 412; *Kleinsteuber v. Schumacher*, 35 Wis., 608.    Fourteen hours' delay in rendering and entering judgment under this statute is far beyond *instanter*, by the most liberal construction.    The justice clearly lost jurisdiction to render the judgment, and it is therefore void.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to reverse the judgment of the justice.