SMITH vs. BAHR.

*January 15 — February 3, 1885.*

CERTIORARI: JUSTICES' COURTS.  *(1) Record imports verity.  (2, 3) Judgment upon verdict to be entered instanter: Legal holiday. (4) Proper judgment on* certiorari: *Replevin.*

1.  Upon *certiorari* to a justice of the peace his record as returned imports verity, and is conclusive as to the time when a writ of replevin was returnable.

2.  The statutes providing that upon receipt of a verdict a justice "shall forthwith render judgment" (sec. 3663, R. S.), and in replevin "shall immediately enter an order in his docket," etc. (secs. 3742-3), are not satisfied by merely reading the verdict aloud to those present and entering it in his docket.

3.  The fact that a verdict is not returned until upon a legal holiday does not alter the duty of the justice to render judgment *instanter.*

4.  Upon *certiorari* to a justice, if there is no motion to supersede or quash the writ, the circuit court, even in replevin, can do nothing more than reverse or affirm the justice's judgment.

APPEAL from the Circuit Court for *Columbia* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an appeal from a judgment of the circuit court for Columbia county, reversing a judgment in a justice's court of that county upon a common-law writ of *certiorari.* It appears from the record returned by the justice that an affidavit for a writ of replevin for a span of horses was made before George P. Stanton, a justice of the peace, January 26, 1884; that January 28, 1884, the justice issued the

writ, returnable January 31, 1884, and the same was served
on the defendant, January 29, 1884. On the return day,
the defendant appeared specially and removed the cause to
William J. Evans, another justice of the peace, before whom
the defendant moved to dismiss the case for want of juris-
diction, which motion was overruled. The pleadings were
then put in, and the cause continued from time to time until
February 21, 1884, when the trial by jury was commenced,
and continued until February 22, 1884, at 1 A. M., when
the jury returned a verdict to the effect (1) that the plaint-
iff was entitled to the possession of the horses; (2) that the
defendant had unjustly taken and unlawfully detained the
same; (3) that the value of the property was $90; (4) that
the plaintiff had sustained six cents damages from such tak-
ing and detention. On the receipt of such verdict at the
hour named, the justice read the same aloud to all present
before leaving the court-room, and then entered the same in
his docket, but did not then, nor on that day (the same being
a legal holiday), declare, pronounce, render, or enter any
judgment in the case, but, after so entering the verdict, en-
tered an order continuing the cause till February 23, 1884,
at 9 o'clock A. M., reciting that at that time judgment
would be entered according to the above verdict, and costs
taxed at the same place where suit was tried, to wit, Hick's
house, in the town of Fountain Prairie. On February 23,
1884, at 9 o'clock A. M., upon the verdict rendered as above,
it was ordered by the court, in effect, that the officer who
executed the warrant of replevin deliver the horses to the
plaintiff, and that he also recover of the defendant his costs,
therein taxed at $38.77, and six cents damages.

 "On the hearing in the circuit court, the judgment of the
justice's court was reversed, and held for naught, and it was
further ordered, in effect, that the horses be returned to the
defendant, and in case such return could not be had, then
that the defendant should have and recover from the plaint-

iff $90, being the value of the property. And it was further ordered that the defendant should have and recover from the plaintiff the sum of $46.16, his costs and disbursements in the action."

The plaintiff appealed.

For the appellant the cause was submitted on the brief of *A. G. Cook*, attorney, and *H. W. Lander*, of counsel.

*G. W. Stephens*, attorney, and *P. G. Stroud*, of counsel, for the respondent, contended, *inter alia*, that the circuit court having found that the justice lost jurisdiction it was the necessary result to order restoration of the property. If the judgment could not be upheld it was proper for the court to restore the parties to their condition before suit was instituted. *Timp v. Dockham*, 32 Wis. 154; *Booth v. Ableman*, 16 id. 465; *S. C.* 18 id. 498; *Lowe v. Brigham*, 3 Allen, 429; *Dawson v. Wetherbee*, 2 id. 461.

CASSODAY, J. It is claimed that the writ of replevin was returnable on the fourth day after it was issued, instead of the third day, as appears from the record returned by the justice, and hence that it was void under sec. 3731, R. S. But it is settled that the record imports verity, and is conclusive. *Cassidy v. Millerick*, 52 Wis. 379. Even if the justice recalled the writ and changed the date, and then redelivered it to the officer, as claimed, still we should be inclined to treat it as a reissue or an original issue.

The statute imperatively required the justice, on the receipt of the verdict, to immediately enter an order in his docket requiring the officer to deliver the same goods and chattels mentioned in the verdict to the plaintiff, and adjudge that he recover such damages and the costs of the action. Secs. 3662, 3742. This was not satisfied by merely reading the verdict aloud to all present, and entering the same in the docket. *Beemis v. Wylie*, 19 Wis. 318; *McNamara v. Spees*, 25 Wis. 539; *Perkins v. Jones*, 28 Wis. 243; *Wearne v. Smith*,

32 Wis. 412; *Young v. Lego,* 38 Wis. 206; *Hull v. Mallory,* 56 Wis. 355. There is no claim that the justice did anything more. The fact that the jury did not return the verdict until the morning of a legal holiday, did not relieve the justice from performing the statutory duty of rendering judgment *instanter. Perkins v. Jones, supra; Wearne v. Smith, supra; Thompson v. Church,* 13 Neb. 287. By the failure to so render judgment *instanter* the justice lost jurisdiction, and hence the circuit court properly reversed and held for naught the judgment of the justice.

But the circuit court went further, and ordered the horses restored to the defendant, and in case such return could not be had, then that the defendant have and recover from the plaintiff their value. Was this authorized on *certiorari?* There was no motion in the circuit court to suspersede or quash the writ, but it was heard upon the merits. This being so, that court was, according to the settled practice in such cases, powerless to do anything more than to reverse or affirm the judgment of the justice, with costs. *McNamara v. Spees, supra; Healy v. Kneeland,* 48 Wis. 497; *Bandlow v. Thieme,* 53 Wis. 57; *State ex rel. Dalrymple v. Milwaukee,* 58 Wis. 4. The writ did not bring up the evidence for review, but only the record, and that only for the purpose of enabling the circuit court to determine whether the justice had jurisdiction to render the judgment complained of. *Frederick v. Clark,* 5 Wis. 191; *Baizer v. Lasch,* 28 Wis. 268; *Varrell v. Church,* 36 Wis. 318; *Callon v. Sternberg,* 38 Wis. 539; *Lewis v. Larson,* 45 Wis. 353; *Brandies v. Robinson,* 45 Wis. 464; *Alford v. Jacobson,* 46 Wis. 574; *Cassidy v. Millerick,* 52 Wis. 379. Here the justice had jurisdiction up to the time of the rendition of the verdict, but lost it thereafter by the non-action of the justice. The judgment rendered in the circuit court was the same as it would have been had the jury found in favor of the defendant and the record had shown that the justice had jurisdiction. The

plaintiff obtained a verdict, and was entitled to a judgment in his favor. The defendant was beaten, and judgment should have been rendered against him at the time of the rendition of the verdict; but the circuit court gave him a judgment to which he was not entitled, simply because the justice lost jurisdiction to render judgment for the plaintiff, who was entitled to recover. We think this was error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to simply reverse the judgment of the justice, with costs.

