Williams, J.
The objections made to the indictment are, in substance: (1) that the judge who opened and held the term of the court at which the indictment was found, was without jurisdiction to impanel the grand jury or to receive its report, because he had not been assigned to hold that term, by the judges of the district, nor so designated in any order issued by them; (2) that the grand jury was without authority to find and return the indictment, because it was impaneled and sworn on a legal holiday, known as Labor Day; (3) that the body by which the indictment was found and returned was not a legally constituted grand'jury, for the reason that, after the original panel was sworn, and before the indictment was returned, a new member was substituted in the place of one who was excused on account of sickness, and after the substitution the body was not again sworn and charged, though the new member was; and, (4) that the record fails to show the grand jury was selected and drawn as required by law.
*461 It should be observed here that none of these objections properly arise on motion to quash; and, for that reason alone, the exception should be sustained. Except so far as they tender issues of fact, the proper mode of doing which is by plea in abatement, they relate to alleged irregularities in selecting and impaneling the grand jury, which do not affect the individual competency of its member, and are available, if at all, only by challenge. Properly speaking, the record of a criminal case, where the offense is an indictable one, except when the accused is bound over to await the action of the grand jury, commences with the return of the indictment. While the preliminary steps in the formation of the grand jury are proper matters of record, they concern the public rather than the accused, if the body that returns the indictment is composed of men possessing the necessary qualifications; and defects in the record of those steps are not those contemplated by section 7249 of the Revised Statutes, for which a motion to quash an indictment may be made.
In as much, however, as the bill of exceptions contains a finding and agreed statement of the facts on which the objections to the indictment are based, and there are other cases pending on indictments found by the same grand jury, in which the same questions are made by plea in abatement, we have concluded, after some hesitation, to consider and dispose of the questions as if presented in that mode. And it may be remarked at the outset that the objections are not to be tested by the over-refined technicalities that were the outgrowth of a system of criminal laws of unreasonable severity, and a humane desire on the part of the courts to shield those charged with their voilation from excessive and cruel punishment, but by the rule of our criminal code by which *462 defects and imperfections are to be disregarded which do not tend to the prejudice of the stubstantial rights of the defendant on the merits.
The first one of the objections above stated is founded on section 468 of the Revised Statutes, which provides that: “The judges of the common pleas court in each common pleas district, or a majority of them, shall, except as otherwise provided by law, at the time they fix.the terms of the common pleas courts in their respective districts, having previously ascertained, as near as practicable, the probable amount of business in each of the counties of the district, apportion the labor of holding the common pleas courts of such districts, as equally as may be, among the judges of the district; and the judges, when they issue their order fixing their terms, shall specify therein what terms, or parts thereof, Of the common pleas courts shall be held by each judge, in accordance with such apportionment; and not less than two hundred and forty days of open session of the common pleas court shall be held by each judge during the year, unless all business assigned to him is sooner disposed of.” To arrive at the proper construction of this section, it is necessary to notice section 457, which is as follows: “The judges of the common pleas court in each common pleas district, or a majority of them, shall on the third Tuesday in October, in each year, issue their written order to the clerk of the common pleas court in each county in such district, fixing the day of the commencement of each term of the common pleas courts in each county in such district for the next judicial year, which shall commence on the first day of January; and any order so made may be changed by a subsequent order made and issued by them to the several clerks of the court in the dis *463 trict; and the court shall be held for the year covered by such order or orders at the times so ordered; provided, that not less than three terms of the common pleas court shall be held in any county each year.”
The judges of the common pleas district of which the county of Brown is a part, at their meeting in October, 1898, fixed the day for the commencement of each term of the court in each county of the district for the next judicial year, and issued their order to that effect to the clerk of each county of the district, in conformity with section 457, but failed to specify in the order what terms or parts thereof should be held by each common pleas judge of the district, or otherwise apportion the labor of holding the courts to the several judges; and the claim is, that in consequence of this failure, no judge of the district was authorized to open or hold the term of court at which the indictment in question was returned ; and, there being no court, there could be no legally constituted grand jury. If this claim should be sustained, the result would be serious, both to the public, and with respect to the rights and interests of individuals. The omission, intentional or otherwise, to make the apportionment of the labor of holding the courts among the judges would relieve them of their judicial duties, and suspend the administration of justice, in a large degree, throughout the district, endangering the peace and good order of society, and entailing incalculable loss upon its members. A statute having that effect could not be upheld. By the constitution the judicial power of the state is vested, in part, in courts of common pleas, and it requires that the state shall be divided into districts, and these into subdivisions, in each of which at least one judge shall be elected. The duty is en *464 joined on these judges to hold court in the several counties of the district, as often as may be provided by law. So that, the judicial power with which the judges are clothed is co-extensive with the district, and in that respect cannot be restricted or suspended by law. What the law may do, is to define the jurisdiction of the courts, prescribe the mode of procedure, fix the number of terms to be held in each county, and require the judges to hold them. For many years following the adoption of the present constitution there was no statute like section 468, and yet any judge held the court in any county of his district, usually in his subdivision, without other authority than that which pertained to his office; and manifestly it was not the purpose of that statute to limit the power of the judges in this respect. Its evident design was to enable the judges to make an equitable division among themselves, of their judicial labors, so that, as nearly as practicable, the judges should bear their equal share of the burdens, and each county might have court for such time as should be necessary for the transaction of the business. The omission of the judges to make the apportionment, or designate the respective judges who should hold the terms in the several counties, cannot affect the right of any judge to hold court in any county of his district, nor render invalid any proceeding at a term so held.
The second objection to the indictment is founded on section 4446-2 of the Revised Statutes, which provides that: “The first Monday in September, of each and every year, shall be known as Labor Day; and for all purposes whatever considered as the first day of the week.” The term of the court at which this indictment was found, commenced on the first Monday in September, 1899, and the grand jury that re *465 turned the indictment, was impanelled and sworn on that day, though the indictment was found and returned at a subsequent day of the term; and the contention is, that as the statute declares Labor Day shall be considered as the first day of the week for all purposes, it was unlawful for the court to transact any business on that day; and, consequently, the body impanelled as a grand jury was not a lawful grand jury, and its subsequent action was void.
If it be conceded that the statute places Labor Day in the same category with Sunday for all. purposes,, does it follow that a grand jury impanelled on that day is an illegal body without authority to thereafter hear evidence and find indictments? The distinctive principle established by the case of Bloom v. Richards, 2 Ohio St., 387, is, that Sunday laws are mere civil regulations for the good of society, and not designed to enforce or require any religious observance of the day; and, that being penal in their nature, such laws will not be extended by construction beyond their plain import; so that, whatever act may be lawfully done on any other day of the week, is equally lawful on Sunday, unless its performance on that day is forbidden by statute. Our statute goes no further than to the prohibition, on that day, of common labor, the arrest .of persons on civil process, the selling of intoxicating liquors, and certain shows, games and sports. It was held in that case that the making of a contract for the sale of land did not come within the prohibition against common labor on Sunday, and the specific performance of such a contract made on that day was enforced. The case was thoroughly considered, and it is shown by Judge Thurman, in an opinion of great research, that the principles stated *466 are maintained by the great weight of authority in this country, and that under constitutions like ours, an enactment could not be sustained whose purpose was simply to enforce the observance of Sunday as a religious duty. It is generally held that statutes which in terms require the closing of public offices on Sunday, do not prevent the performance of judicial duties by judges on that day. There is no provision in our statutes, as there is in those of many of the states, and was in 29 Car., 2 C. 7, under which most of the English decisions on the subject were made, forbidding the holding of courts, or judicial proceedings on Sundays, or holidays, or requiring public offices to be closed, or all secular business suspended on that day; and the omission of such provisions from our statutes, in view of their presence in the statutes of other states, and especially since the decision of Bloom v. Richards, supra, which has been accepted as the law of this state for nearly half a century, leads to the conclusion that the legislature has not deemed it advisable to incorporate either of them into the laws of the state. Certain, it is, that neither of them is embraced in the term common labor, as used in our statute. Where the transaction of judicial business on Sunday or holidays is expressly forbidden by statute, acts of a ministerial character on those days are held lawful; such as the issue of a warrant for the apprehension of a criminal and his admission to bail, the receiving of a verdict and committing the defendant for sentence, the issue and service of civil process, and many other acts of a similar nature. All of which is a recognition of the rule already stated, that whatever acts may be lawfully done on other days are also lawful when performed on Sunday or a holiday, except when, and in so far as their performance on those days • is prohibited by statute. The case of Lampe v. Manning, 38 Wis., 673, *467 is sometimes cited in support of the proposition that a holiday is ex vi termini dies non juridicus, but the remark to that effect, of the judge who prepared the opinion in that case, loses its force when it is considered that the statute governing the ease expressly forbade the opening of any court for a trial on a legal holiday. Our attention has also been called to the case of Spiedel Grocery Co. v. Armstrong, 8 C. C. R., 489, where it is held that a judgment rendered on Labor Day was void. That case was affirmed by this court without report, and was not much considered. The correctness of the decision may well be doubted; but it is not necessary to reconsider it here. It is distinguishable from the case before us, on a ground upon which we prefer to place the decision of this case.
It has already been observed that the constitution confers on the general assembly power to fix the terms of the court of common pleas in all the counties of each district; and the courts are required to be held at such times and places as are provided by law. In the exercise of this power the legislature may designate by statute, as has often been done, the times for holding the courts, or provide a mode by which such times shall be fixed. It has adopted the latter course in the enactment of section 457, heretofore quoted, by which judges of the district, at the annual meeting provided for, are required to fix the day for the commencement of each term of the court in each county of the district for the next judicial year. No restraint is placed on the power of the judges with respect to the days they may fix for the commencement of the term, but that is left entirely to their discretion; and, the courts are required to commence on the days they shall so fix. Considering this section in connection with the Labor Day statute, under *468 a well-settled rule of interpretation, the former being a special provision for particular, cases, acts authorized by it may be regarded as excepted from the operation of the latter, especially since the latter contains no express prohibition against such acts. As a general rule no act can be considered unlawful by Implication from one statute, that is expressly authorized and required by another valid statute. Though that section (457) was passed before the Labor Day statute, there is nothing in the latter to indicate an intention to repeal the former, or that restricts its operation; nor, is there such inconsistency between them that both may not stand together and each have its appropriate effect. The prohibitive and penal provisions of the latter statute, whatever those may be, cannot be enlarged by implication so as to render unlawful any act authorized by the former, and it is not claimed that result is accomplished by any express provision.
If it were enacted by statute that a term of court should commence on the first Monday of September, it could not be doubted that the term so held would be lawful, and its proceedings valid, notwithstanding the statute making that day a holiday; and the effect cannot be different where that day is so fixed by the judges under the express authority conferred on them by statute. It was perfectly competent for the legislature to make any act lawful when done on Labor Day, that is lawful on any other day, and to that extent the statute creating Labor Day must be regarded as qualified and restrained. It was upon this principle that the case of Perkins v. Jones, 28 Wis., 243, was decided. It was there held that a statute which declared that no court shall transact any business on the 22nd day of February, “unless it be for the pur *469 pose of instructing or discharging a jury, or receiving a verdict,” and another statute which required that in all cases where a verdict shall be rendered in a justice’s court, the justice shall ‘forthwith’ render judgment” — “must be construed together so as to prevent a failure of justice, and must be held to authorize an immediate entry of judgment where the verdict is received on the 22nd of February.” It is apparent that we have before us a much stronger case for the application of the principle, than the one just cited, for there is, as has been seen, no express provision of our labor day statute that conflicts with section 457. Ordinarily it may be supposed that the judges would not fix a holiday for the commencement of a term of court, but if they choose to do so, or do so inadvertently, it is nevertheless an authorized exercise of the powers conferred on them, and neither their action, nor that of the court held in pursuance thereof is, for that reason void.
It appears from the bill of exceptions, that after the grand jury had been sworn and charged, one of its members was discharged on account of sickness, and another person having all legal qualifications was sworn and substituted as a grand juror in the place of the one discharged; and the body thus constituted, found the indictment in question. It is contended that body was not a legal grand jury; that when the member was discharged the grand jury of which he had been a member was dissolved, and when the substitution was made it was necessary to organize a new grand jury by the appointment of a foreman, and administering the necessary oath to him, and to his fellow jurors. But the action of the court seems to have been in conformity with the statute, by which it is provided that: “In case of sickness, death, discharge or non-attendance of a grand juror after the *470 grand jury is sworn, the court, at its discretion, may cause another to be sworn in his stead.”' Section 7202, Revised Statutes. When the new juror is so sworn and takes his place, the vacancy is filled, and the grand jury again complete; and in their deliberations, findings and presentments, all of the grand jurors are bound by the same oath. The readministration of the oath to the foreman, and to the members as a body, could add nothing to its obligation, is not required by the statute, and would at most be but an idle ceremony, the omission of which could work no substantial injury.
The remaining objection to the indictment is sufficiently answered by what has already been said. It is not necessary that the records of the court should show how, or by whom, the grand jurors were selected and drawn. The presumption of law is that duty was regularly performed by the proper officers; but if it was not so done, the objection, if it can be of any avail, must be made in a different mode.

Exceptions sustained.